65 Ill.2d 148 (1976)
357 N.E.2d 504
In re ANNEXATION TO THE VILLAGE OF WADSWORTH.  (June Cermak et al., Appellees,
v.
Edward Robert Humrich et al., Appellants.)
No. 48406.
Supreme Court of Illinois.
Opinion filed November 15, 1976.
*149 Fuqua, Winter and Associates, Ltd., of Waukegan, for appellants.
Frank M. Daly, of Waukegan, for appellees.
Reversed and remanded.
MR. JUSTICE GOLDENHERSH delivered the opinion of the court:
Objectors to a petition for the annexation of territory to the Village of Wadsworth appealed from the order of the circuit court of Lake County holding the petition sufficient and ordering that the question of annexation be submitted to the corporate authorities of the Village. The appellate court affirmed (35 Ill. App.3d 957) and we allowed objectors' petition for leave to appeal.
The territory sought to be annexed to the Village is approximately four miles in length and varies in width from one-half mile at its widest point to approximately 400 feet at its narrowest. Its common boundary with the Village is approximately 400 feet in length. Frank J. Furlan, a registered land surveyor, who prepared the legal description and map of the territory proposed to be annexed for the petitioners, testified that except where petitioners wanted to include land on both sides of the highway, the description of the territory to be annexed was drawn to exclude a 10-foot-wide buffer strip between the annexed territory and the right-of-way line of the adjacent highway.
Objectors contend that the legislative history of section 7-1-1 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 7-1-1) shows that the General Assembly intended that highways adjacent to any territory annexed to a municipality be also annexed. They argue that the 10-foot buffer strip was excluded from the *150 territory proposed to be annexed solely for the purpose of avoiding the statutory requirement. Relying on City of Dixon v. Sinow & Weinman, 350 Ill. 634, and Chicago and Northwestern Ry. Co. v. Chicago Mechanics' Institute, 239 Ill. 197, they argue that to be "adjacent" does not require actual contact and that the term can include objects which lie near to, or are close to, or are contiguous. They argue that this latter definition of adjacent is required to carry out the legislative intent.
Prior to 1965 section 7-1-1 of the Illinois Municipal Code (Ill. Rev. Stat. 1963, ch. 24, par. 7-1-1) provided in pertinent part:
"Any territory which is not within the corporate limits of any municipality but which is contiguous to a municipality, may be annexed thereto as provided in this Article. "
In 1965 section 7-1-1 was amended to provide that:
"The new boundary shall extend to the far side of any adjacent highway and shall include all of every highway within the area annexed." Laws of 1965, at 2754, sec. 1.
Objectors argue that the legislative intent is further demonstrated by the fact that by Public Act 79-996 section 7-1-1 was further amended to provide:
"The new boundary shall extend to the far side of any adjacent highway and shall include all of every highway within the area annexed. These highways shall be considered to be annexed even though not included in the legal description set forth in the petition for annexation." Laws of 1975, at 3008.
Petitioners contend that the statutory provision for the annexation of "any land" (section 7-1-1 of the Municipal Code), in the absence of limiting language, permits the annexation here proposed. They contend further that an "adjacent highway" means "physically touching." Citing City of St. Ann v. Spanos (Mo. App. 1973), 490 S.W.2d 653, also mentioned in the opinion of the appellate court, they argue that defining "adjacent" to mean anything *151 other than "abutting and touching" would create many practical problems of interpretation and application of the statute.
In People v. Keechler, 194 Ill. 235, in considering whether certain school districts were adjacent to each other, the court said: "The word `adjacent' is defined by Webster and other lexicographers to mean, `to lie near;' `close, or contiguous.' It is sometimes said to be synonymous with `adjoining,' `near,' `contiguous.' In some decisions courts have held it to mean `in the neighborhood or vicinity of;' in others, `adjoining or contiguous to.' [Citations.] We do not regard any of these cases as furnishing a guide by which to arrive at a definition of the word as used in the foregoing section. It has no arbitrary meaning or definition. Its meaning must be determined by the object sought to be accomplished by the statute in which it is used. This consideration manifestly controlled each of the courts in the interpretation placed upon the word in the cases cited." 194 Ill. 235, 240-41.
In our opinion the legislative history of section 7-1-1 of the Municipal Code and the statutory scheme for the maintenance and traffic control of highways (Ill. Rev. Stat. 1975, ch. 121, par. 1-101 et seq.) and the disposition of fines and penalties (ch. 95 1/2, par. 16-105) demonstrate a clear legislative intent that highways adjacent to territory annexed by a municipality be also annexed. To permit the annexation here proposed would flout the clearly stated legislative intent.
In view of the conclusion reached we need not consider the other issues briefed and argued by the parties. For the reasons stated the judgment of the appellate court is reversed and the cause is remanded to the circuit court of Lake County with directions to dismiss the petition.
Reversed and remanded, with directions.