THE PEOPLE *ex rel.* THE VILLAGE OF VERNON HILLS, Plaintiff-Appellee, v. THE VILLAGE OF LINCOLNSHIRE, Defendant-Appellant.

Second District    No. 2—95—1429

Opinion filed August 28, 1996.

Barry L. Moss and Daniel C. Shapiro, both of Moss & Bloomberg, Ltd., of Bolingbrook, and Michael F. Bonamarte III, of Highland Park, for appellant.

Richard D. Skelton and William G. Raysa, both of Raysa & Skelton, P.C., of Oak Park, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

The plaintiff, the Village of Vernon Hills (Vernon Hills), filed a *quo warranto* action against the defendant, the Village of Lincolnshire (Lincolnshire), challenging Lincolnshire's annexation of certain unincorporated territory known as the Half Day territory. Following a bench trial, the circuit court of Lake County declared Lincolnshire's annexation to be invalid. Lincolnshire appeals.

The record reveals that the Half Day territory was comprised of less than 60 acres and was contiguous to both municipalities. Section 7—1—13 of the Illinois Municipal Code (the Code) (65 ILCS 5/7—1—13 (West 1994)) provides, in relevant part, that whenever any un-

incorporated territory containing 60 acres or less is wholly bounded by one or more municipalities or one or more municipalities and a creek, that territory may be annexed by any municipality by which it is bounded in whole or in part, by the passage of an ordinance to that effect. Prior to November 8, 1993, the Half Day territory was bounded on the south and west by Indian Creek, on the north by Vernon Hills, and on the east by Lincolnshire. However, the territory was not "wholly bounded" within the meaning of section 7—1—13 prior to November 8, 1993, because two gaps existed on the perimeter of the territory. Gap one existed at the far northeastern portion of the Half Day territory, next to Route 21 and immediately across from unincorporated property owned by Ruth Tischer. Gap two existed at the northwestern border of the Half Day territory. This gap, an unincorporated area, was known as the Conservancy property. Both parties to this litigation were aware that for the Half Day territory to be considered "wholly bounded" it was necessary to close gaps one and two and that the party that closed either of the two gaps last would be in a position to annex the territory.

On August 30, 1993, Ruth Tischer filed a voluntary annexation petition with the Village of Lincolnshire under section 7—1—8 of the Code (65 ILCS 5/7—1—8 (West 1994)) to annex 22 acres of property commonly known as the Tischer property. On November 8, 1993, Lincolnshire passed an ordinance approving a preannexation agreement for the property. Pursuant to the terms of that agreement, Lincolnshire had the option of annexing the property in two phases within 180 days from the date of the agreement. The ordinance approving the preannexation agreement and the maps attached to the ordinance showed that the initial phase of the annexation did not include two 20-foot strips along the northwest portion of the Tischer property adjacent to Route 21 and the Half Day territory. The annexation petition did not indicate that the Tischer property would be annexed in phases or that the 20-foot strip along Route 21 would be excluded in the initial annexation.

On September 9, 1993, Lincolnshire published a notice of a public hearing to consider the terms of the preannexation agreement. The notice did not mention that the annexation was to take place in phases, nor did it mention the 20-foot buffer strip. The notice of the hearing stated that a map of the property to be annexed together with the proposed preannexation agreement were on file and available for public inspection. However, it was not possible to determine from these documents that Lincolnshire intended to annex the property in phases or exclude a 20-foot buffer strip from the initial annexation.

On November 8, 1993, after approving the preannexation agreement, Lincolnshire passed an ordinance annexing a portion of the Tischer property (Tischer I). Tischer I included most of the Tischer property, but it excluded an eight-acre portion on the eastern half of the property and a 20-foot strip running along the northern boundary and along the eastern boundary of the property contiguous with Route 21 and the border of the Half Day territory.

Vernon Hills sent a public employee, Marcy Richter, to the Lincolnshire board meeting on November 8, 1993. She reported back that Lincolnshire had annexed the Tischer property. The videotape of that board meeting shows that Lincolnshire did not conduct any discussion regarding its plan to annex the Tischer property in phases. It also shows that a plat of annexation was not displayed at the meeting. On November 9, 1993, Vernon Hills attempted to obtain the plat of annexation approved by Lincolnshire the day before, but it was unavailable. The plat was not recorded until December 29, 1993.

Under the impression that Lincolnshire had closed gap one and had annexed the entire Tischer property, Vernon Hills passed an ordinance on December 7, 1993, annexing the Conservancy property, closing gap two. At that same meeting, Vernon Hills passed a second ordinance annexing the Half Day territory. Vernon Hills recorded the plats of annexation for the Conservancy property and the Half Day territory on December 9, 1993.

Upon learning of the fact that Vernon Hills had closed gap two, Lincolnshire adopted an ordinance by which it annexed Tischer II, which included the 20-foot buffer strip along Route 21. Immediately thereafter, at the same meeting, Lincolnshire adopted an ordinance purporting to annex the Half Day territory. The following day, Lincolnshire recorded both ordinances.

Vernon Hills subsequently filed a complaint in *quo warranto* seeking to have Lincolnshire's annexation of the Half Day territory declared invalid. Following a bench trial, the circuit court of Lake County entered judgment in favor of Vernon Hills, finding that its annexation was valid and that Lincolnshire's competing annexation of the Half Day territory was null and void. In so ruling, the trial court found that Route 21 was adjacent to Tischer I and that any highway adjacent to unincorporated property became a part of any annexation of that property by operation of law. Additionally, the court concluded that the 20-foot strip running along Route 21 was annexed by operation of law at the time of the Tischer I annexation. Accordingly, the court ruled that the Half Day territory was "wholly bounded" at the time it was annexed by Vernon Hills.

On appeal, Lincolnshire argues that the Half Day territory did

not become wholly bounded until Lincolnshire annexed Tischer II. It contends that the trial court erred in finding that Route 21 and the adjacent 20-foot strip were annexed by operation of law at the time of the Tischer I annexation.

■ Section 7—1—1 of the Code provides, in relevant part:

"Any territory that is not within the corporate limits of any municipality but is contiguous to a municipality may be annexed to the municipality as provided in this Article. ***

* * *

The new boundary shall extend to the far side of any adjacent highway and shall include all of every highway within the area annexed. These highways shall be considered to be annexed even though not included in the legal description set forth in the petition for annexation." 65 ILCS 5/7—1—1 (West 1994).

In *In re Annexation to the Village of Wadsworth*, 65 Ill. 2d 148 (1976), the description of the territory to be annexed was drawn to exclude a 10-foot buffer strip between the annexed territory and the right-of-way line of the adjacent highway. The supreme court found that the highway was adjacent to the territory annexed despite the 10-foot buffer strip. Instead of ruling that the annexation went automatically to the far side of the road, however, the court ruled that the annexation was invalid.

After the *Wadsworth* decision, the legislature amended section 7—1—1 to provide:

"If any municipality has annexed any area before October 1, 1975, and the legal description in the petition for annexation did not include the entire adjacent highway, any such annexation *shall be valid and any highway adjacent to the area annexed shall be considered to be annexed* notwithstanding the failure of the petition to annex to include the description of the entire adjacent highway." (Emphasis added.) 65 ILCS 5/7—1—1 (West 1994).

The amendment essentially made retroactive the statutory requirement that the adjacent highway is considered annexed even though not included in the legal description of the petition for annexation and by implication the ordinance based on the petition. See *Schallau v. City of Northlake*, 82 Ill. App. 3d 456, 471 (1980). In *Schallau*, the City of Northlake claimed that its annexation was invalid because it failed to include an adjacent highway in the annexation. The court applied the amendment to section 7—1—1 and ordered the city to sign and record the plat of annexation, which included the adjacent highway to the territory annexed.

■ Applying the above-mentioned statutory and case law, we find that the trial court correctly determined that Route 21 was annexed

by operation of law at the time of the Tischer I annexation. Accordingly, we find that the Half Day territory was "wholly bounded" at the time it was annexed by Vernon Hills. It follows then that Vernon Hills' annexation of the territory was valid, while Lincolnshire's competing attempt to annex the same territory was null and void.

Lincolnshire argues for the first time in its reply brief on appeal that, even assuming *arguendo* that the Tischer I annexation included Route 21 as an "adjacent highway," the Half Day territory was nonetheless not "wholly bounded" for purposes of the statute because a highway alone cannot form a boundary for annexation purposes. Arguments raised for the first time in a reply brief are deemed waived. 155 Ill. 2d R. 341(e)(7). Accordingly, we find that Lincolnshire has waived the argument.

Considering the merits of the claim nevertheless, we find Lincolnshire's argument unpersuasive. We disagree with Lincolnshire's contention that the 20-foot strip of land between the highway and Tischer I could not be deemed annexed by operation of law. In that regard, we find it would be nonsensical and lead to an absurd result to hold that the highway adjacent to land annexed is deemed annexed but that a small strip of land in between the highway and adjacent land is not deemed annexed.

We further note that the cases cited by Lincolnshire do not support its proposition that a highway alone cannot properly form a border for annexation purposes. See *People ex rel. Marre v. Countryside Sanitary District*, 5 Ill. App. 3d 747 (1972); *People ex rel. Freeport Fire Protection District v. City of Freeport*, 58 Ill. App. 3d 314 (1978). In *Marre*, a sanitary district passed an ordinance annexing a street which was only perpendicular to its attachments rather than adjacent and parallel. The court noted that that annexation was invalid and that a second annexation which depended on the validity of the first annexation was also invalid. The present case does not involve a perpendicular strip of roadway, and *Marre* did not involve a highway adjacent to land annexed.

*Freeport* likewise does not support Lincolnshire's position. That case merely stands for the proposition that "a highway or road adjacent and parallel to territory validly annexed by reason of contiguity to a municipality is automatically annexed along with the new annexation, making the territory on its far side also eligible for annexation, the road must form a new boundary with the next annexation, not merely touch it in the manner of a 'T' or at a corner." *Freeport*, 58 Ill. App. 3d at 317. Thus, *Freeport* does not have any application to the facts of this case.

For the foregoing reasons, we affirm the judgment of the circuit

court of Lake County declaring Vernon Hills' annexation of the Half Day territory to be valid and Lincolnshire's competing annexation of the same territory to be invalid.

Affirmed.

BOWMAN and COLWELL, JJ., concur.