85 P.3d 999 (2004)
2004 WY 16
The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF LARAMIE, Appellant (Intervenor/Plaintiff),
v.
The CITY OF CHEYENNE, A Wyoming Municipal Corporation; East Whitney Limited Partnership, a Wyoming Limited Partnership; and West Whitney Limited Partnership, a Wyoming Limited Partnership, Appellees (Defendants).
Jean Cotton; Kathryne Cotton and Ruth Cotton, individually and as owners of Cotton Holdings, LLC, a Wyoming Limited Liability Company, Appellants (Plaintiffs),
v.
The City of Cheyenne, A Wyoming Municipal Corporation; East Whitney Limited Partnership, A Wyoming Limited Partnership; and West Whitney Limited Partnership, a Wyoming Limited Partnership, Appellees (Defendants).
The City of Cheyenne, A Wyoming Municipal Corporation, Appellant (Defendant),
v.
The Board of County Commissioners of the County of Laramie, Appellee (Intervenor/Plaintiff).
The Board of County Commissioners of the County of Laramie, Appellant (Intervenor/Plaintiff),
v.
The City of Cheyenne, A Wyoming Municipal Corporation, Appellee (Defendant).
The City of Cheyenne, A Wyoming Municipal Corporation, Appellant (Defendant),
v.
The Board of County Commissioners of the County of Laramie, Appellee (Intervenor/Plaintiff).
Jean Cotton; Kathryne Cotton and Ruth Cotton, individually and as owners of Cotton Holdings, LLC, a Wyoming Limited Liability Company, Appellants (Plaintiffs),
v.
The City of Cheyenne, A Wyoming Municipal Corporation, Appellee (Defendants).
The City of Cheyenne, A Wyoming Municipal Corporation, Appellant (Defendant),
v.
Jean Cotton; Kathryne Cotton and Ruth Cotton, individually and as owners of Cotton Holdings, LLC, a Wyoming Limited Liability Company, Appellees (Plaintiffs).
Nos. 03-50 to 03-56.
Supreme Court of Wyoming.
March 3, 2004.
*1001 Representing Board of County Commissioners of the County of Laramie: Peter H. Froelicher, Laramie County Attorney, Cheyenne, Wyoming.
Representing City of Cheyenne: W. Perry Dray and Nicholas G.J. Healey of Dray, Thomson & Dyekman, P.C., Cheyenne, Wyoming.
Representing Jean Cotton; Kathryne Cotton, Ruth Cotton and Cotton Holdings, LLC: John M. Walker of Hickey, Mackey, Evans & Walker, Cheyenne, Wyoming.
Representing East Whitney Limited Partnership and West Whitney Limited Partnership: Raymond W. Martin of Sundahl, Powers, Kapp & Martin, Cheyenne, Wyoming.
Before HILL, C.J., and LEHMAN, KITE, and VOIGT, JJ., and JAMES, D.J.
VOIGT, Justice.
[¶ 1] These combined appeals concern an annexation ordinance of the City of Cheyenne. The district court determined that both Laramie County and certain private parties had standing to challenge the ordinance, but found in favor of the City of Cheyenne as to the annexation, itself. We affirm in part, reverse in part, and remand.

NATURE OF THE CASE
[¶ 2] East Whitney Limited Partnership and West Whitney Limited Partnership (the Whitney partnerships) petitioned the City of Cheyenne (the City) to annex property owned by them known as the Saddle Ridge Subdivision (Saddle Ridge). After conducting public hearings, the City passed an annexation ordinance. Prior to third reading of the ordinance, however, Jean Cotton, Kathryne Cotton and Ruth Cotton, individually and as members of Cotton Holdings, LLC (the Cottons), filed a declaratory judgment action in the district court seeking a declaration that the ordinance was void because Saddle Ridge was separated from the City's nearest boundary by approximately one-quarter of a mile and was not, therefore, eligible for annexation.[1] By stipulation of the parties, the Board of County Commissioners of Laramie County (the County) was allowed to intervene in the action as a plaintiff.
[¶ 3] After the annexation ordinance was adopted, both the Cottons and the County filed appeals in the district court pursuant to Wyo. Stat. Ann. § 15-1-409 (LexisNexis 2003) in which they contended that the City had abused its discretion, acted arbitrarily and capriciously, and acted not in accordance with law in finding Saddle Ridge eligible for annexation.[2] Eventually, all parties sought *1002 summary judgment in all three cases (the single declaratory judgment action and the two statutory appeals).[3]
[¶ 4] The district court declined to consolidate the three cases, but did join them for hearing purposes. By a single order entered on February 6, 2003, the district court denied summary judgment to the County and to the Cottons, and granted summary judgment to the City, finding, however, that both the County and the Cottons did have standing to challenge the annexation ordinance in both the declaratory judgment action and in the statutory appeals.
[¶ 5] These three district court cases have resulted in seven docketed appeals in this Court. The County separately appealed in both the declaratory judgment action and the statutory appeal, as did the Cottons. The City cross-appealed the standing issue in all three cases. The two appeals in which the County was appellant were consolidated, as were the two appeals in which the Cottons were appellant. All seven appeals were joined for oral argument and all will be addressed in this opinion.

ISSUES
[¶ 6] We will summarize and restate the various issues presented by the parties as follows:
1. Did the Cottons and the County have standing to challenge the City's annexation of Saddle Ridge?
2. Was Saddle Ridge "contiguous with or adjacent to" the City and, therefore, eligible for annexation pursuant to Wyo. Stat. Ann. § 15-1-402(a)(iv) (LexisNexis 2001)?[4]

STANDARD OF REVIEW
[¶ 7] Summary judgment motions are governed generally by W.R.C.P. 56, and specifically by the following language found in subsection (c) of the rule:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
W.R.C.P. 56(a) and (b) provide that summary judgment may be appropriate for either the plaintiff or the defendant in a declaratory judgment action. A summary judgment entered in a declaratory judgment action is subject to our usual standard for review of summary judgments. Wyoming Community College Com'n v. Casper Community College Dist., 2001 WY 86, ¶ 11, 31 P.3d 1242, 1247 (Wyo.2001); Fontaine v. Board of County Com'rs of Park County, 4 P.3d 890, 892 (Wyo.2000).
[¶ 8] "This Court reviews a summary judgment in the same light as the district court, using the same materials and following the same standards." Markstein v. Countryside I, L.L.C., 2003 WY 122, ¶ 11, 77 P.3d 389, 393 (Wyo.2003). Where, as here, there are no contentions that genuine issues of material fact exist, our concern is strictly with application of the law. Wyoming Community College Com'n, 2001 WY 86, ¶ 11, 31 P.3d at 1247. We accord no deference to the district court's conclusions on questions of law. Yeager v. Forbes, 2003 WY 134, ¶ 12, 78 P.3d 241, 246 (Wyo.2003).
"An issue of statutory interpretation presents a question of law. Butts v. Wyoming State Bd. of Architects, 911 P.2d *1003 1062, 1065 (Wyo.1996); Parker Land & Cattle Co. v. Wyo. Game and Fish Comm'n, 845 P.2d 1040, 1042 (Wyo.1993). In interpreting statutes, we primarily determine the legislature's intent. State ex rel. Motor Vehicle Div. v. Holtz, 674 P.2d 732, 736 (Wyo.1983). If the language is sufficiently clear, we do not resort to rules of construction. Id. We apply our general rule that we look to the ordinary and obvious meaning of a statute when the language is unambiguous. Parker Land, 845 P.2d at 1042."
Fontaine, 4 P.3d at 894 (quoting Kirbens v. Wyoming State Bd. of Medicine, 992 P.2d 1056, 1060 (Wyo.1999)).
"`If the language is sufficiently clear, there is no need to resort to rules of construction. When the language is not clear or is ambiguous, the court must look to the mischief the statute was intended to cure, the historical setting surrounding its enactment, the public policy of the state, the conclusions of law, and other prior and contemporaneous facts and circumstances, making use of the accepted rules of construction to ascertain a legislative intent that is reasonable and consistent.'"
Fontaine, 4 P.3d at 894-95 (quoting State ex rel. Motor Vehicle Div. v. Holtz, 674 P.2d 732, 736 (Wyo.1983) and Peterson v. Wyoming Game and Fish Com'n, 989 P.2d 113, 118 (Wyo.1999)).

DISCUSSION

STANDING
[¶ 9] Wyo. Stat. Ann. § 15-1-409, set out in detail in a footnote earlier herein, allows "any landowner in the territory proposed to be annexed or any owner of real property in the annexing city or town, or utility [who] is aggrieved by the acts of the governing body" to appeal an annexation to the district court. The statute further provides that the court is to void the annexation if it "determines that the action taken was capricious or arbitrary, or if it appears from the evidence that the landowner's right in his property is being unwarrantedly invaded, or that the governing body abused its discretion[.]" Wyo. Stat. Ann § 15-1-409(b). Wyo. Stat. Ann. § 1-37-103 (LexisNexis 2003), also set out in detail in a footnote earlier herein, allows "[a]ny person ... whose rights, status or other legal relations are affected by ... a... municipal ordinance" to file a declaratory judgment action. The statutory purpose for such an action is to "have any question of construction or validity arising under the instrument determined and obtain a declaration of rights, status or other legal relations." Id. The district court found that the Cottons had standing under both statutes to challenge the City's annexation of Saddle Ridge, but it did not enunciate the bases of its findings.
[¶ 10] One must meet two conditions to have standing to appeal an annexation ordinance pursuant to Wyo. Stat. Ann. § 15-1-409. First, one must be a landowner in the territory being annexed, or a real property owner within the annexing municipality, or a utility. And second, one must be aggrieved by the annexation. We can infer what the legislature intended by the word "aggrieved" by looking to the findings identified in the statute that would require the district court to void the ordinance: the act of annexation was capricious or arbitrary, the municipality abused its discretion, or the landowner's right in his property was unwarrantedly invaded. Wyo. Stat. Ann § 15-1-409(b). We have characterized these findings as going to the merits of the annexation, not to the validity of the ordinance. Cox v. City of Cheyenne, 2003 WY 146, ¶ 26, 79 P.3d 500, 509 (Wyo.2003). Nevertheless, while it includes as one option proof of harm to a particular property right, the legislative concept of "aggrieved" in this statute clearly incorporates the broader public interest in preventing unreasonable actions by the governing body. Resident real property owners do not have to be specially aggrieved in that ownership; they can be aggrieved simply by a municipality's failure to comply with the annexation statutes. Kroenlein v. Eddington, 2001 WY 115, ¶ 11, 35 P.3d 1207, 1211 (Wyo.2001).
[¶ 11] As we stated earlier, the district court's summary judgment order did not explain its standing decision. Nevertheless, we may affirm the district court under *1004 any proper legal ground appearing in the record. Kroenlein, 2001 WY 115, ¶ 8, 35 P.3d at 1211; Wyoming Community College Com'n, 2001 WY 86, ¶ 11, 31 P.3d at 1247. In that regard, the Cottons' standing claim is two-pronged: first, they contend that their property adjacent to Saddle Ridge is negatively affected by the annexation because they no longer will be able to repair or replace their septic system;[5] and second, they claim to own real property within the City. If either of these contentions is sustained by the record, the district court must be affirmed on the issue of the Cottons' standing to challenge the annexation ordinance.
[¶ 12] The City argues that the Cottons are not real property owners within the City because the property they claim to own is actually owned by a separate legal entity, Avenues Pet Clinic, LLC. Further, relying on Matter of Various Water Rights in Lake DeSmet Reservoir, Bd. of Control, Docket No. II-77-2-1, 623 P.2d 764, 769 (Wyo.1981), the City contends that Wyoming's standing principles were designed to weed out the type of speculative future injury alleged in the Cottons' septic system claim.
[¶ 13] We will affirm the conclusion of the district court that the Cottons have standing to challenge the City's annexation of Saddle Ridge under Wyo. Stat. Ann. § 15-1-409. The City does not dispute the fact that Jean Cotton, Kathryne Cotton, and Ruth Cotton own Cotton Holdings, LLC, and that Cotton Holdings, LLC, owns Avenues Pet Clinic, LLC. The individual Cottons and Cotton Holdings, LLC, are all named parties in these actions. The fact that the real property located within the City is technically owned by their wholly owned limited liability company is not sufficient, in our view, to thwart the purposes of our standing jurisprudence or the statutory appeal process. The individual Cottons and Cotton Holdings, LLC, have the same interest in the matter as does Avenues Pet Clinic, LLC, so they have pursued the matter with equal vigor.
[¶ 14] We see no need to revisit in detail the law of standing as it generally applies to the separate question of the County's standing to challenge the City's annexation ordinance. Suffice it to say, in regard to Wyo. Stat. Ann. § 15-1-409, that the County unquestionably owns real property within the City and would be aggrieved to the same extent as any other such landowner if the City failed to comply with the annexation statutes. See Kroenlein, 2001 WY 115, ¶ 11, 35 P.3d at 1211 (residents have a strong interest in seeing compliance with the law). Wyoming counties have the statutory right to sue, and we have been shown no constitutional or statutory obstacle in this state to the challenge of a city annexation ordinance by a county. Wyo. Stat. Ann. § 18-2-101(a)(i) (LexisNexis 2003); see Timothy M. Hall, Annotation, Right of One Governmental Subdivision to Challenge Annexation Proceedings by Another Such Subdivision, 17 A.L.R.5th 195, § 4 (1994). We affirm the district court's conclusion that the County had standing to appeal the City's annexation of Saddle Ridge.
[¶ 15] The City presents one additional argument against the County having standing in this case. The City contends that, as a party to the 1983 "Section 201 Agreement" described previously in a footnote herein, the County could not be aggrieved by the annexation of Saddle Ridge. Succinctly stated, it is the City's position that the Section 201 Agreement contemplates exactly the type of non-contiguous annexation exemplified by the annexation of Saddle Ridge. The County argues, to the contrary, that septic system exceptions in the agreement expressly recognize that property must be contiguous to be annexed to the City.
[¶ 16] The district court's summary judgment order did not directly address the impact of the Section 201 Agreement upon the County's standing. Nevertheless, inasmuch as the County was found to have standing, *1005 this issue must have been resolved against the City. We will affirm that conclusion because we do not have sufficient grounds to do otherwise. The Section 201 Agreement has not been definitely adjudicated, and its terms certainly appear to be capable of being interpreted as by the County, and apparently, the district court. Furthermore, there has been no showing that, as a matter of law, the County's participation in such an agreement would negate its standing under Wyo. Stat. Ann. § 15-1-409(a) as a real property owner within the City.
[¶ 17] Because we have concluded that both the Cottons and the County had standing to pursue their statutory appeal rights under Wyo. Stat. Ann. § 15-1-409, and because resolution of the statutory appeals will fully dispose of this case, we will not reach the question of standing under the Uniform Declaratory Judgment Act.[6]

"CONTIGUOUS WITH OR ADJACENT TO"
[¶ 18] Annexation is a legislative function that has been delegated to the municipality. In exercising the power of annexation, the municipality is bound by the statutes conferring the power. Scarlett v. Town Council, Town of Jackson, Teton County, 463 P.2d 26, 30 (Wyo.1969). In turn, when called upon to review a municipal annexation ordinance, the courts are limited to determining whether the municipality complied with the statutes and whether the annexation was reasonable. 56 Am.Jur.2d Municipal Corporations §§ 47-48 (2000). Specifically, judicial review may be required "where the legislative discretion pertaining to annexable areas has not been fully or clearly expressed, or where legislative directions or mandates require clarification, interpretation or definition." McQuillin Mun. Corp. § 7.18 (3d ed.1996) (footnote omitted).
[¶ 19] Wyoming's annexation statutes are found at Wyo. Stat. Ann. § 15-1-401, et seq. (LexisNexis 2003). The specific issue of the present case results from the requirement of Wyo. Stat. Ann. § 15-1-402(a)(iv) that, to be eligible for annexation, land must be "contiguous with or adjacent to" the annexing municipality. The question is whether non-contiguous land lying near a municipality may be annexed.
[¶ 20] Our standard rules of statutory construction require us first to seek the legislature's intent by looking to the common meaning of the words used in the statute. Merriam-Webster's Collegiate Dictionary (10th ed.1999) contains the following definitions, in relevant part, at page 250 and page 14, respectively:
contiguous ... 1: being in actual contact: touching along a boundary or at a point...
adjacent ... 1 a: not distant: nearby ... b: having a common endpoint or border...
syn adjacent, adjoining, contiguous, juxtaposed mean being in close proximity. Adjacent may or may not imply contact but always implies absence of anything of the same kind in betweenadjacent garage> .... Contiguous implies having contact on all or most of one sidecontiguous states>.
(Some emphasis added.) Webster's Third New International Dictionary (1993) contains similar definitions at pages 492 and 26, respectively:
contiguous ... 1 a (1): touching along boundaries often for considerable distances... b: next or adjoining with nothing similar intervening ... c: nearby, close: not distant ... d: continuous, unbroken, uninterrupted: touching or connected throughout... 2 a: immediately preceding or following in time or sequence: without intervening interval or item ... b: near in time or sequence syn see adjacent
adjacent ... 1 a: not distant or far off...: nearby but not touching ... b: relatively near and having nothing of the same kind intervening: having a common border: abutting, touching: living nearby or sitting or standing relatively near or close together ... c: immediately preceding or following with nothing of the same kind intervening ... *1006 syn adjoining, abutting, contiguous, conterminous, coterminous, juxtaposed: adjacent is sometimes merely a synonym for near or close to ... Applied to things of the same type, it indicates either side-by-side proximity or lack of anything of the same nature intervening ... Contiguous shows variable usage but is likely to suggest touching along a dividing line; it may indicate an unbroken continuity ...
[¶ 21] The controversy in this case, although spawning hundreds of pages of legal argument, is simple. The County and the Cottons contend that the legislature would not have used the word "contiguous," meaning "touching," if annexable land only had to be "nearby." The City responds that the legislature would not have used the word "adjacent," meaning "nearby," if annexable land had to be "touching." We will begin our resolution of the matter with the observation that use of these particular two words in this particular context, without defining either word, renders the statute ambiguous, thereby requiring interpretation.
[¶ 22] This issue is not unique to Wyoming, inasmuch as many states have the same language in their annexation statutes. See McQuillin Mun. Corp., supra, § 7.20; 56 Am.Jur.2d, supra, §§ 51-52; and Erwin S. Barbre, Annotation, What Land is Contiguous or Adjacent to Municipality So As To Be Subject to Annexation, 49 A.L.R.3d 589 (1973). While there is not unanimity in defining these terms, there does seem to be a general rule as to their interpretation:
In many jurisdictions, territory to be annexed must be contiguous or adjacent to the annexing municipality. As used in this context, the words "contiguous" and "adjacent" are considered to be synonymous. In the absence of statutory definition of these terms, it seems to be agreed that at a minimum the terms require that the boundaries of the annexing municipality and the territory must touch, with some courts indicating that there must be substantial physical contact between the municipality and the territory. It should be noted, however, that many courts have recognized, either expressly or by implication, that the meaning of these terms, as used in the annexation statutes, is flexible and may vary from case to case. And, of course, these judicially manufactured definitions are subject to change by annexation statutes which attempt to define the terms "contiguous" and "adjacent."
Barbre, supra, 49 A.L.R.3d 589, 593-94, § 2[a] (footnotes omitted).
[¶ 23] As we will explain further, we conclude that, by limiting annexation to lands that are either contiguous or adjacent, the legislature intended to limit annexation to lands sharing a common boundary with the municipality or touching at some point, with the exception of lands that are separated from the municipality only by those natural or artificial "barriers" listed in Wyo. Stat. Ann. § 15-1-402(b).[7] This conclusion is consistent with what appears to be the majority rule, it is consistent with what this Court said in In re West Laramie, 457 P.2d 498, 501 (Wyo.1969) ("[u]nder our statute the only requirement with respect to the scope and extent of the area to be annexed is that it must be contiguous to the annexing city or town"), it is consistent with the opinion of the Attorney General of the State of Wyoming, and it is consistent with reason and good sense.[8]
[¶ 24] In one sense, both sides in this controversy are correct; the legislature *1007 would not have needed both terms"contiguous with" and "adjacent to"if the terms were meant to be precisely synonymous. Likewise, the legislature would not have used both terms in the alternative if they were meant to define mutually exclusive situations.[9] The most likely intent of the legislature was that the terms were to be given their common meaning; that is, the lands to be annexed must geographically touch the municipality to some extent, with the contiguity requirement being satisfied by the slighter touching contemplated by the word "adjacent."
[¶ 25] If the City's interpretation of the statutethat lands need only be "nearby"is correct, there would be no reason for the exceptions that are spelled out in Wyo. Stat. Ann. § 15-1-402(b). If "nearby" lands that do not touch the municipal boundaries may be annexed, there is no reason specially to permit annexation of lands separated from the municipality by roads, rivers, and the like. In interpreting statutes, we are to read related laws together and we are to give effect to all the words used. In re Estate of Seader, 2003 WY 119, ¶ 23, 76 P.3d 1236, 1243-44 (Wyo.2003) (quoting Worcester v. State, 2001 WY 82, ¶ 13, 30 P.3d 47, 52 (Wyo.2001)).
[¶ 26] We also note that the common dictionary definitions of both "contiguous" and "adjacent" incorporate the concept of there being nothing similar intervening. For example, buildings are neither contiguous with nor adjacent to one another if there is another building between them. Similarly, land is neither contiguous with nor adjacent to a municipality where the land is separated from the municipal boundaries by anything other than a road, river, or the like.
[¶ 27] We interpret statutes in their context; that is, with consideration given to other statutes in pari materia and in the light of their object, purpose and public policy. Petra Energy, Inc. v. Department of Revenue, State of Wyo., 6 P.3d 1267, 1270 (Wyo.2000); Wyoming Ins. Guar. Ass'n v. Woods, 888 P.2d 192, 197 (Wyo.1994). We ascribe to statutes a reasonable intent. Attletweedt v. State, 684 P.2d 812, 814 (Wyo. 1984); In re Romer, 436 P.2d 956, 958 (Wyo. 1968). Application of these principles to Wyoming's annexation statutes leads us to the conclusion that the pervasive tone or tenor of the statutes is strictly to limit the ability of municipalities to annex territory. The statutes prescribe a carefully delineated annexation process, limited by numerous mandated findings.[10] The most reasonable interpretation of the words "contiguous with or adjacent to" in this context is that the legislature intended to limit annexation to lands touching a municipality's boundaries. There is no suggestion in the entire statutory scheme that the legislature intended to vest municipalities with the discretion to determine what land is "adjacent"meaning "nearby"on a case-by-case basis. The result of such an interpretation could be "crazy quilt" or "leap frog" annexation that would run counter to the concerns expressed in the statutory mandates.
[¶ 28] The courts in the following cases have all held that, in the annexation context, the words "contiguous" and "adjacent" are synonymous and require that the boundaries of the municipality and the annexed land must touch, or, at least, must not be separated by anything of like kind: Hillman v. City of Pocatello, 74 Idaho 69, 71, 256 P.2d 1072, 1073 (1953), criticized on other grounds by Alexander v. Trustees of Village of Middleton, 92 Idaho 823, 452 P.2d 50, 52-54 (1969) *1008 (common meaning of both words is conterminous or abutting and use of adjacent does not contemplate annexation of non-contiguous areas); Ridings v. City of Owensboro, 383 S.W.2d 510, 511 (Ky.1964) (requirement of contiguity is inherent in annexation statutes because of concept of a city being a geographical unit); City of St. Ann v. Spanos, 490 S.W.2d 653, 656 (Mo.App.1973) (in defining adjacent, the word "nearby" must be qualified by the concept of having nothing of the same kind intervening); Johnson v. City of Hastings, 241 Neb. 291, 488 N.W.2d 20, 23-24 (1992) (contiguous and adjacent both require substantially contiguous boundaries); Hawks v. Town of Valdese, 299 N.C. 1, 261 S.E.2d 90, 97 (1980) (adjacent means contiguous or abutting); City of Middletown v. McGee, 39 Ohio St.3d 284, 530 N.E.2d 902, 905 (1988) (contiguous, adjacent, and adjoining are synonymous and all require contiguity to a degree beyond that created by strip or corridor annexation); City of Ada v. Whitaker, 1949 OK 266, 202 Okla. 249, 212 P.2d 482, 483-84 (1949) ("adjacent to" is synonymous with "abutting on" and requires that there be nothing of the same kind between); In re Sadler, 142 Pa. 511, 21 A. 978, 979 (1891) (adjacency of a tract of land is satisfied if one of the lots of the tract is contiguous with the municipality's boundary); St. Andrews Public Service Dist. v. City Council of Charleston, 339 S.C. 320, 529 S.E.2d 64, 66 (2000), rev'd on other grounds, 349 S.C. 602, 564 S.E.2d 647 (2002) (contiguous, adjacent, and adjoining are synonymous and ordinarily mean touching, but such is not required where the areas are incidentally separated by a road, railway or waterway); City of Pasadena v. State ex rel. City of Houston, 442 S.W.2d 325, 328 (Tex.1969) (question of adjacency is a question of law; adjacent means contiguous and "in the neighborhood of or in the vicinity," so it cannot be satisfied by a strip annexation); Town of Lake v. City of Milwaukee, 255 Wis. 419, 39 N.W.2d 376, 378 (1949) (contiguous and adjacent are synonymous).
[¶ 29] In Barbre, supra, 49 A.L.R.3d at 603, a specific study of the words "contiguous" and "adjacent" in the annexation context, the author states that "[i]n none of the cases within the scope of this annotation, in the absence of a statutory definition to the contrary, has a court specifically said that the borders of the territory and the municipality do not have to touch at all." The City contends, to the contrary, that several courts have found adjacent to mean only "nearby" and have not required geographical touching. A review of the cases cited by the City generally reveals, however, a different context, a holding not precisely on point, or even support for the proposition that contiguous and adjacent are synonymous: San Dieguito Partnership v. City of San Diego, 7 Cal. App.4th 748, 9 Cal.Rptr.2d 440, 445-46 (1992) (adjacent means nearby, not touching, in a subdivision statute allowing an exemption for lot line adjustments); Anderson Union High Sch. Dist. v. Schreder, 56 Cal.App.3d 453, 128 Cal.Rptr. 529, 534-35 (1976) (school districts not contiguous to forest preserve were adjacent to the reserve for purpose of certain specialized funding); Belmont Fire Protection Dist. v. Village of Downers Grove, 92 Ill.App.3d 682, 48 Ill.Dec. 261, 416 N.E.2d 292, 295 (1981) (to be eligible for annexation, territory must touch or adjoin the municipality "in a reasonably substantial physical sense"); In re Annexation to the Village of Wadsworth, 65 Ill.2d 148, 2 Ill.Dec. 337, 357 N.E.2d 504, 505-06 (1976) (village could not avoid statutory mandate that adjacent highways be annexed by leaving a ten-foot buffer strip); City of Hutchinson v. Danley, 88 Kan. 437, 129 P. 163, 164 (1913) (as used in statute governing vacation of town sites, reversion of public areas to adjacent landowners not affected by intervening street or alley); Board of Education of City of Ottawa v. Jacobus, 83 Kan. 778, 112 P. 612, 613 (1911) (definition of adjacent in statute depends upon context and purpose; adjacent means nearby, not necessarily touching in statute allowing city to attach adjacent territory for school purposes); State v. Kansas City, 50 Kan. 508, 31 P. 1100, 1103 (1893) (statute authorizing consolidation of cities requires adjacency, defined as not more than three-fourths of a mile apart); Grudnosky v. Bislow, 251 Minn. 496, 88 N.W.2d 847, 851-52 (1958) (in statute allowing higher salaries for officials in fourth-class cities adjacent to first-class cities, adjacency did not require geographical contiguity, but a community of *1009 interest); McLemore v. Yocona Tallahatchie Drainage Dist. No. 1, 129 Miss. 97, 91 So. 390, 391 (1922) (in statute authorizing enlargement of boundaries of drainage district to "adjoining or adjacent" lands, land to be added need not be geographically contiguous, just "lying close by"); City of West Fargo v. City of Fargo, 251 N.W.2d 918, 920 (N.D. 1977) (in case involving annexation contest between two cities, court comments that tract could not have been annexed to city to which it was not adjacent, but that the two later became contiguous); City of Lawrenceburg v. Maryland Cas. Co., 16 Tenn.App. 238, 64 S.W.2d 69, 71 (1933) (in insurance dispute, adjacent found not to import physical contact unless preceded by a modifier such as "immediately"); City of Waco v. City of McGregor, 523 S.W.2d 649, 653 (Tex.1975) (adjacent usually means close by and not necessarily touching, but statute defined it in this instance to mean that territory within the exclusive extraterritorial jurisdiction of one municipality is not, as a matter of law, adjacent to any other municipality).
[¶ 30] We agree not only with the result in the cases finding adjacent and contiguous to be synonymous in the annexation context, but with their reasoning as well. The public policy behind geographically limited municipal annexation was well stated in Hawks, 261 S.E.2d at 97:
Contiguity has always been viewed as synonymous with the "legal as well as the popular idea of a municipal corporation in this country," which is one of "oneness, community, locality, vicinity; a collective body, not several bodies; a collective body of inhabitantsthat is, a body of people collected or gathered together in one mass, not separated into distinct masses, and having a community of interest because residents of the same place, not different places. So, as to territorial extent, the idea of a city is one of unity, not of plurality, of compactness or contiguity, not separation or segregation." 56 Am.Jur.2d, Municipal Corporations § 69, quoting City of Denver v. Coulehan, 20 Colo. 471, 39 P. 425 (1894). Contiguity, then, is an essential component of the traditional concept of a municipal corporation, which is envisioned as a governmental unit capable of providing essential governmental services to residents within compact borders on a scale adequate to insure "the protection of health, safety and welfare in areas being intensively used for residential, commercial, industrial, institutional and government purposes or in areas undergoing such development." G.S. 160A-33(2).
The element of contiguity helps to preserve the economic and political viability of municipal government. The costly package of services provided by municipal government can be economically maintained only within the compact boundaries fostered by the contiguity requirement. Conversely, the requirement of contiguity discourages prohibitively expensive extension of municipal services to noncontiguous areas where municipal services cannot be economically supplied. Moreover, it goes without saying that, from a political standpoint, a compact, contiguous area is more easily governed than one split into diverse, noncontiguous enclaves. Vicinity engenders a unified sense of community identity which facilitates the formation of the consensus essential to effective government. See generally, City of Denver v. Coulehan, supra.
[¶ 31] The function of this Court in reviewing statutes is not, of course, to determine public policy. Rather, our function is to interpret statutes so as to identify reasonable legislative intent. Application of that principle to a review of Wyoming's municipal annexation statutes, where the authority granted to municipalities is strictly limited, leads to the conclusion that the phrase "contiguous with or adjacent to" in Wyo. Stat. Ann. § 15-1-402(a)(iv) was legislatively intended to require that the boundaries of the municipality and the land proposed for annexation must touch to some substantial degree, although there need not necessarily be a lengthy shared border.[11]
*1010 CONCLUSION
[¶ 32] As real property owners within the City, the County and the Cottons had standing under Wyo. Stat. Ann. § 15-1-409 to challenge the City's annexation of Saddle Ridge. We affirm the decision of the district court to that extent. Because the boundaries of the City and Saddle Ridge do not touch, and because the City and Saddle Ridge are separated by "something of like kind" as opposed to something defined in Wyo. Stat. Ann. § 15-1-402(b), the City was without legal authority to annex Saddle Ridge and its ordinance is void and of no effect. We reverse the ruling of the district court in that respect and remand to the district court for entry of an order consistent herewith.
NOTES
[1] Wyo. Stat. Ann. § 1-37-103 (LexisNexis 2003) states:

Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by the Wyoming constitution or by a statute, municipal ordinance, contract or franchise, may have any question of construction or validity arising under the instrument determined and obtain a declaration of rights, status or other legal relations.
[2] Wyo. Stat. Ann. § 15-1-409 states:

(a) If any landowner in the territory proposed to be annexed or any owner of real property in the annexing city or town, or utility is aggrieved by the acts of the governing body, he may appeal to the district court for a review of the acts or findings thereof.
(b) If the court determines that the action taken was capricious or arbitrary, or if it appears from the evidence that the landowner's right in his property is being unwarrantedly invaded or that the governing body abused its discretion, the court shall declare the annexing ordinance void. If the court determines the action of the governing body was proper and valid, it shall sustain the ordinance.
(c) All proceedings to review the findings and the decisions of the governing body shall be brought within ten (10) days of the effective date of the annexation ordinance, and if not brought within that time are forever barred.
[3] The Whitney partnerships became defendants in the declaratory judgment action by an amended complaint filed August 23, 2002. They were not named as parties in the statutory appeals nor did they file any separate summary judgment motions. Furthermore, inasmuch as they did not file a notice of appeal in this Court, they have been improperly aligned as an appellant in the City's cross appeals.
[4] Wyo. Stat. Ann. § 15-1-402 states, in pertinent part:

(a) Before any territory is eligible for annexation, the governing body of any city or town at a hearing as provided in W.S. 15-1-405 shall find that:
...
(iv) The area sought to be annexed is contiguous with or adjacent to the annexing city or town, or the area meets the requirements of W.S. 15-1-407[.]
[5] In 1983, the County, the City, the South Cheyenne Water and Sewer District, and the City's Board of Public Utilities entered into an agreement under Section 201 of the Clean Water Act, 33 U.S.C. § 1281, to coordinate the treatment of wastewater. The agreement establishes a perimeter area around the city where, under certain conditions, septic systems may not be repaired or replaced and the landowner must obtain city sewer and water service.
[6] See Cox, 2003 WY 146, 79 P.3d 500 for a very recent analysis of the relationship between Wyo. Stat. Ann. § 15-1-409 and the Uniform Declaratory Judgment Act.
[7] Wyo. Stat. Ann. § 15-1-402(b) states:

Contiguity will not be adversely affected by the existence of a platted street or alley, a public or private right-of-way, a public or private transportation right-of-way, a lake, stream, reservoir or other natural or artificial waterway located between the annexing city or town and the land sought to be annexed.
[8] See Wyoming Attorney General Opinion No. 83-021, 117-19 (December 19, 1983) ("[w]here statutory provisions have made no attempt, as in Wyoming, to define the terms `contiguous' and `adjacent,' the courts have generally held such terms to require a touching or actual contact between the annexing municipality and the lands to be annexed.... Most courts hold contiguity is more than mere technical touching and requires reasonably substantial physical contact between the territory and the municipality.... This concern for something more than mere physical touching is reflected in the multiple requirements of the Wyoming statute...."). (Emphasis in original.)
[9] While the word "or" is generally used in its disjunctive sense, it may simply indicate interchangeable synonyms. Goglio v. Star Valley Ranch Ass'n., 2002 WY 94, ¶ 27, 48 P.3d 1072, 1082 (Wyo.2002). One definition of "or" contained in Webster's Third New International Dictionary, supra, at 1585 is "the synonymous, equivalent, or substitutive character of two words or phrases ...."
[10] Wyo. Stat. Ann. § 15-1-402(a), for example, in addition to requiring that the land to be annexed be contiguous with or adjacent to the municipality, also requires other specific findings concerning (1) health, safety and welfare; (2) natural, geographical, economical and social development; (3) logical and feasible extension of public services; and (4) due process. Similarly, Wyo. Stat. Ann. § 15-1-402(c) requires the municipality to prepare a report concerning proposed boundaries, infrastructure needs and timetables, and fees and tax estimates.
[11] The issue of strip or corridor annexation is not presently before this Court. For one court's view that such violate the principles enunciated in Hawks, see City of Middletown, 530 N.E.2d at 905.