Brenda D. BELLAMY, Appellant
(Plaintiff/Respondent),

v.

Joe M. BELLAMY, Appellee
(Defendant/Petitioner).

No. 96–118.

Supreme Court of Wyoming.

Dec. 16, 1997.

Bruce P. Badley of Badley & Rasmussen, P.C., Sheridan, for Appellant.

Kathryn J. Edelman, Gillette, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN, and LEHMAN, JJ.

TAYLOR, Chief Justice.

Chronically delinquent in payment of court-ordered child support and medical expenses, appellee sought and obtained dispensation from the district court to abate those obligations, notwithstanding his failure to comply with the statutory prerequisites to abatement of child support which became effective in 1993. Holding that the district court had no more license to disregard the 1993 statutory mandates than did appellee, we reverse and remand with directions.

## I. ISSUES

Appellant, Brenda D. Bellamy (Brenda), states a single issue:

Did the district court err when it failed to enforce and follow the mandates of W.S. § 20–6–304?

Appellee, Joe M. Bellamy (Joe), articulates three issues:

I. Did the district court act within its discretion in permitting child support abatement absent technical compliance with the requirements of Wyoming Statute Section 20–6–304(c)?

II. May a district court refuse to enforce child support when the child resides with the noncustodial parent under the parents' agreement that support payments would no longer be required from the noncustodial parent?

III. Did the district court properly reject Brenda Bellamy's accounting of child support obligations and payments?

## II. FACTS

The parties were divorced on January 2, 1991 by a divorce decree which ordered Joe to pay Brenda $650.00 per month in child support, in addition to maintaining health insurance for the couple's three children and paying health expenses not covered by that insurance. Joe paid less than half of his initial monthly child support obligation, and was chronically delinquent thereafter, notwithstanding the reduction of those tardy obligations to three separate post-divorce decree judgments.

In May 1995, Joe petitioned the district court to modify the original divorce decree, only with respect to custody of the couple's remaining minor child. Not surprisingly, the issue of past due child support and medical expenses became an issue in the modification proceeding, and both parties submitted accountings of child support paid and child support due. Brenda's accounting, taken straight from the clerk of court's records, demonstrated outstanding arrearages in excess of $4,000.00. By stark contrast, Joe's accounting suggested he had overpaid child support and medical expenses by approximately $600.00.

In the years prior to the modification, Joe frequently endeavored to unilaterally modify his support obligations through sundry

notes[1] to the clerk of court, asserting that the children or some of them were living elsewhere than with Brenda. Although the clerk of court supplied Joe with forms explaining the proper post-March 5, 1993 procedure for achieving abatement of support in compliance with Wyo. Stat. § 20–6–304(c) (1997), none of his submissions conformed to the mandatory requirements of the statute. Nonetheless, the district court utilized the substance of the notes to absolve Joe of any further duty with respect to child support and medical expense obligations, thus depriving Brenda of arrearages, to which she remained entitled by the original divorce decree. This appeal timely followed.

## III. STANDARDS OF REVIEW

■ Modifications of divorce decrees summon the discretion of the trial court, and decisions modifying custody and support provisions, *inter alia*, will not be disturbed on appeal absent a clear abuse of that discretion. *Pinther v. Pinther*, 888 P.2d 1250, 1252 (Wyo.1995) (*quoting Rowan v. Rowan*, 786 P.2d 886, 890 (Wyo.1990)). "Abuse of discretion is not found unless the district court acts in a manner which exceeds the bounds of reason under the circumstances of the case or commits an error of law." *Basolo v. Basolo*, 907 P.2d 348, 353 (Wyo.1995) (*citing Combs v. Sherry–Combs*, 865 P.2d 50, 55 (Wyo.1993)).

■ Unambiguous statutory language obliges a reading by the courts which affords every word or phrase its evident meaning and effect. *Sue Davidson, P.C. v. Naranjo*, 904 P.2d 354, 356 (Wyo.1995). There is no judicial license to pick and choose only those words which promote a particular purpose, and the need to gloss a statute summons a correlative obligation to give meaning and effect to every portion thereof. *Matter of ALJ*, 836 P.2d 307, 310 (Wyo.1992) (*quoting Hamlin v. Transcon Lines*, 701 P.2d 1139, 1142 (Wyo.1985)). Faced with a legislative "shall," the courts must give effect to the legislative prescription and are without au-

1. For example: "This is for June[']s Child Support. $216 of it goes towards Arrearages because two of my daughters (LaNora and Stacy) will be living with me for more than two wks. //signed// Joe Bellamy 5–31–92."

thority to carve out exceptions to the mandate. *State By and Through Dept. of Family Services v. Jennings,* 818 P.2d 1149, 1150 (Wyo.1991).

## IV. DISCUSSION

There is no mystery with respect to the mechanism whereby child support obligations due and owing after March 5, 1993 become amenable to abatement:

The noncustodial parent shall file any claim for child support abatement with the clerk of the court within thirty (30) days after the period for which abatement is claimed and shall pay to the clerk the sum of one dollar ($1.00). * * * Claims or objections not timely filed or not accompanied by the requisite fee are barred. The clerk shall notify the court of claims and objections not barred and the court shall promptly resolve the differences, with or without a hearing, and enter an appropriate order.

Wyo. Stat. § 20–6–304(c). *See* Wyo. Sess. Laws, ch. 184 (1993).

The statute spells out the appropriate means whereby Joe might seek abatement of his support obligations incurred after March 5, 1993, empowering the court to order such abatement in appropriate circumstances. The legislature has described the mechanics of abatement with clarity, and they need no reiteration here.

■ Joe does not contend, nor does the record reflect, that any of his post-March 5, 1993 missives to the clerk of the court complied with any of the newly enacted substantive requirements of Wyo. Stat. § 20–6–304(c). Although the clerk of court repeatedly notified Joe of those requirements, his notes did not comply with the statute's time requirements, nor were they accompanied by the requisite $1.00 filing fee. As such, they are barred. In the absence of notification from the clerk of court of non-barred abatement claims, the district court was without authority to excuse Joe's post-March 5, 1993 lapses or abate the previously ordered support obligations. For the district court nonetheless to order abatement was clearly an

error of law; hence, an abuse of that court's broad but not limitless discretion.

■ The special and inviolate position occupied by child support obligations defies the custodial parent's capacity to bargain away such payments just as it requires the noncustodial parent to remain current in such payments upon penalty of contempt citations, carrying the potential for restraint of recreant obligor's liberty. *Sue Davidson, P.C.,* 904 P.2d at 356–58. Joe's partial support payments and statutorily inadequate post-March 5, 1993 notes seeking abatement may have succeeded in avoiding an order to show cause why he should not be held in contempt of court for failure to make the payments ordered. For all intents and purposes, however, his post-March 5, 1993 notes can be considered nothing more than crib notes, designed to withhold from his children the support to which they were lawfully entitled.

The district court's order concerning post-March 5, 1993 child support obligations is hereby reversed. This matter is remanded to the district court with directions to take evidence upon the pre-March 5, 1993 claims of abatement made by Joe. The district court shall permit abatement by one-half the daily support obligation for each day Joe had physical custody of each child for whom support was required by the original divorce decree, provided Joe can prove that he had custody of said child for more than fourteen consecutive days. *See* Wyo. Stat. § 20–6–304(c) (Cum.Supp.1992).

For that period following March 5, 1993, Joe's failure to comply with Wyo. Stat. § 20–6–304(c) (1997) forecloses the district court from granting abatement of post-March 5, 1993 child support obligations. Furthermore, the statutes provide no abatement for medical expense obligation, and Joe remains responsible for all medical expenses established by Brenda.

## V. CONCLUSION

The absence of statutorily sufficient claims for abatement of post-March 5, 1993 support obligations necessarily requires reversal of the district court's March 25, 1996 order regarding child support arrearages prior to

April 1, 1995. This matter is remanded to the district court with directions to recalculate Joe Bellamy's pre-March 5, 1993 support obligations pursuant to the original divorce decree. The district court shall also calculate medical expenses due and owing pursuant to the original divorce decree, and shall not permit abatement of any support obligations made after March 5, 1993, thereafter to enter judgment for Brenda Bellamy in such an amount as will fully discharge Joe Bellamy's obligations.