2003 WY 17

**Michael Lynn McCLEAN, Petitioner,**

v.

**The STATE of Wyoming, Respondent.**

No. 02–8.

Supreme Court of Wyoming.

Jan. 30, 2003.

Robert T. Moxley of Gage & Moxley, LLC, Cheyenne, WY, Representing Appellant. Argument by Mr. Moxley.

Hoke MacMillan, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Georgia L. Tibbetts, Senior Assistant Attorney General; Theodore E. Lauer, Director, Prosecution Assistance Program; Lynne Callaghan, Student Intern; and Jonathan Davis, Student Intern, Representing Appellee. Argument by Mr. Davis.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE and VOIGT, JJ.

LEHMAN, Justice.

[¶ 1] This case involves a petition surrounding the conviction of Michael Lynn McClean (Petitioner) of driving with a suspended license and driving without proper registration. Specifically, this matter is before this court pursuant to a Petition for Writ of Review and involves solely an issue of statutory construction. We affirm.

### ISSUES

[¶ 2] Petitioner sets forth the following issues on appeal:

I. For the purposes of a criminal prosecution, must the statutory term of art, "dedicated to public use"—found in W.S. § 31-1-101(a)(viii)—be strictly construed to require that a "public highway" be for-mally or prescriptively created, according to the law of real property?

II. Where the common area and driveways of a private mobile home park are neither publicly maintained nor formally dedicated to the public, did the circuit court and district court commit error of law when they found that traffic offenses occurred, respectively, on a "public highway of this state" and on "any highway?"

III. Does permissive use by some members of the public, and by law enforcement, convert a privately owned, privately maintained driveway—in a mobile home park—into a "public highway?"

Respondent State of Wyoming phrases the issue on appeal as:

Did the district court properly conclude that the definition of "highway" provided in Wyo. Stat. § 31-1-101(a)(viii), is unambiguous and is clearly intended to include the road inside Ponderosa Village Mobile Home Park for the purpose of applying Wyo. Stat. §§ 31-4-101 and 31-7-134?

### FACTS

[¶ 3] On August 27, 2000, Laramie County Sheriff Deputy Dave Skipper was at Ponderosa Village Mobile Home Park (Ponderosa Village) speaking with several children and handing out baseball cards. While he was there, Skipper observed Petitioner driving a black motorcycle from the south end of Ponderosa Village without the headlight illuminated. Knowing that Petitioner's driving privileges had been suspended, Deputy Skipper stopped Petitioner. Petitioner was unable to produce his driver's license, valid registration, or proof of insurance as requested. Petitioner, therefore, was taken into custody for driving under suspension, operating a vehicle without proper registration, and failure to maintain liability insurance.[1] In addition, Petitioner was

---

1. Wyo. Stat. Ann. § 31-4-101 provides:

    (a) No person shall knowingly operate, nor shall an owner knowingly permit to be operated, upon any *highway* any vehicle:

      (i) Unless a valid certificate of title or non-transferable certificate under W.S. 31-2-102(a)(iii), certificate of registration and license plates or temporary permits have been issued for the vehicle except as otherwise provided by this act[.]

(Emphasis added.) Wyo. Stat. Ann. § 31-7-134 states:

    (a) No person shall drive a motor vehicle on any *public highway* in this state at a time when his driver's license, from this or any other jurisdiction, or nonresident operating privi-

cited for breach of the peace stemming from his behavior during the stop.

[¶ 4] Petitioner filed motions to dismiss the charges, arguing that the roads within Ponderosa Village are not "highways." The parties stipulated that the roads are not publicly maintained; have never been formally dedicated to public use; are used by the public; and mail delivery and other services, including patrol by law enforcement, are provided to the tenants of Ponderosa Village via use of the roads. After the circuit court denied the motions to dismiss, the parties entered a conditional plea agreement. Pursuant to the agreement, Petitioner entered pleas of guilty to the driving under suspension charge and the registration charge, reserving the right to appeal. The remaining two charges were deferred.

[¶ 5] On appeal, the district court affirmed the judgment and sentence of the circuit court, stating, in part:

> It is not contested that the road in question is not publicly maintained, but it is also not contested that the road is open for public use. The road is an access route to the mobile homes in the area and is used by the postal service, law enforcement and the general public on a regular basis.
>
> The statute [Wyo. Stat. Ann. § 31–1–101(a)(viii)] is unambiguous. The legislature clearly intended to include in the definition of highway roads like the one in question with the language "if not publicly maintained then dedicated to public use when any part is open to the use of the public for purposes of vehicular travel." Defendant stretches the word "dedicated" to mean a formal dedication, but nothing in the statute supports that broad interpretation.

This court then granted Petitioner's petition for writ of review on January 29, 2002.

### STANDARD OF REVIEW

[¶ 6] We have long recognized that conclusions of law, such as questions regarding statutory interpretation, are to be reviewed by this court *de novo. Hutchings v. Kra-*

leges are cancelled, suspended or revoked under this act or any other law.

*chun,* 2002 WY 98, ¶ 10, 49 P.3d 176, ¶ 10 (Wyo.2002). In *Pagel v. Franscell,* 2002 WY 169, ¶ 9, 57 P.3d 1226, ¶ 9 (Wyo.2002) (citing *Wyoming Cmty. College Comm'n v. Casper Cmty. College Dist.,* 2001 WY 86, ¶¶ 16–18, 31 P.3d 1242, ¶¶ 16–18 (Wyo.2001)), we stated:

> In interpreting statutes, our primary consideration is to determine the legislature's intent. *Fontaine v. Board of County Comm'rs,* 4 P.3d 890, 894 (Wyo.2000); *State ex rel. Motor Vehicle Div. v. Holtz,* 674 P.2d 732, 736 (Wyo.1983). Legislative intent must be ascertained initially and primarily from the words used in the statute. *Allied–Signal, Inc. v. State Board of Equalization,* 813 P.2d 214, 219 (Wyo. 1991); *Phillips v. Duro–Last Roofing, Inc.,* 806 P.2d 834, 837 (Wyo.1991). When the words are clear and unambiguous, a court risks an impermissible substitution of its own views, or those of others, for the intent of the legislature if any effort is made to interpret or construe statutes on any basis other than the language invoked by the legislature. *Allied–Signal,* 813 P.2d at 219. Moreover, "[a]ll statutes must be construed *in pari materia;* and in ascertaining the meaning of a given law, all statutes relating to the same subject or hav[ing] the same general purpose must be considered and construed in harmony." *Fontaine,* 4 P.3d at 894 (citing *State ex rel. Motor Vehicle Div. v. Holtz,* 674 P.2d at 735).
>
> Therefore, in performing our review, we look first to the plain and ordinary meaning of the words to determine if the statute is ambiguous. *Olheiser v. State ex rel. Worker's Compensation Div.,* 866 P.2d 768, 770 (Wyo.1994) (citing *Parker Land & Cattle Company v. Game & Fish Comm'n,* 845 P.2d 1040, 1042–43 (Wyo.1993)). A statute is clear and unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability. *Parker Land & Cattle,* at 1043. Conversely, a statute is ambiguous if it is found to be vague or uncertain and subject to varying

(Emphasis added.)

interpretations. *Id.* We have said that divergent opinions among parties as to the meaning of a statute may be evidence of ambiguity. *Basin Electric Power Co-op. v. State Bd. of Control,* 578 P.2d 557, 561 (Wyo.1978). However, the fact that opinions may differ as to a statute's meaning is not conclusive of ambiguity. Ultimately, whether a statute is ambiguous is a matter of law to be determined by the court. *Allied–Signal,* 813 P.2d at 219.

### DISCUSSION

■ [¶ 7] Petitioner asserts that the district court erred by interpreting the term "highway" as embracing the common area of a mobile home park and that the district court's decision was without support in logic or precedent. Petitioner cites *Amrein v. State,* 836 P.2d 862, 864–65 (Wyo.1992); *Story v. State,* 755 P.2d 228, 231 (Wyo.1988); *Meerscheidt v. State,* 931 P.2d 220, 224 (Wyo. 1997); and *Haines v. Territory,* 3 Wyo. 167, 13 P. 8 (1877), for the proposition that if it is possible to reasonably construe the statutory definition of "highway" to exclude a privately-owned mobile home park, this court is bound to do so as a matter of law. Further, Petitioner posits that the terms "dedicated" and "highway" are legal terms of art taken from property law and must be interpreted giving them their ordinary and accepted legal meaning.

[¶ 8] Petitioner argues that a "dedicated" public highway can be created only by formal action, which is absent in this case. In particular, Petitioner protests that under the plain and ordinary meaning of the language used, a "public highway" can only be established if it is 1) a publicly maintained roadway, or 2) the roadway is formally dedicated by being officially platted and recorded *and* open for use by the public for purposes of vehicular travel.[2] Petitioner emphasizes his view that a roadway must be *both* formally dedicated and open to public use before it can be deemed a "public highway."

[¶ 9] Conversely, the State emphasizes that the words "dedicated to the public use" must be given their ordinary, obvious, and

common meaning within the public's ken and general expectations regarding the obligations attending the operation of motor vehicles. Thus, citing *Merriam Webster's New Collegiate Dictionary* (1979), the State asserts that the word "dedicate" as used with the applicable Wyoming statutes should be construed to mean "set apart to a definite use." Moreover, the State claims that the legislature, in adopting the applicable statutes, would not have required the public to resort to a legal definition of the term "dedicate" when assessing the obligations associated with the operation of motor vehicles.

[¶ 10] The ultimate determination of this case, therefore, turns on the definition of the word "highway" and, most particularly, whether the subject roadway within Ponderosa Village was a highway "dedicated to public use." The term "highway" is defined in two separate statutes, Wyo. Stat. Ann. § 31–1–101(a)(viii) and Wyo. Stat. Ann. § 31–5–102(a)(xlix), respectively, as follows:

"Highway" means the entire width between the boundary lines of every way publicly maintained or *if not publicly maintained, dedicated to public use when any part is open to the use of the public for purposes of vehicular travel.*

"Street or highway" means the entire width between the boundary lines of every way publicly maintained or *if not publicly maintained, dedicated to public use when any part thereof is open to the use of the public for purposes of vehicular travel* [.]

(Emphasis added.)

■ [¶ 11] Considering the statutory definitions of "highway" set forth above, we find no ambiguity. Upon simple reading of these definitions and application of the plain and ordinary meaning of those words, we clearly discern the legislature's intent that the term "highway" include a road that is either 1) publicly maintained, or 2) dedicated for public use in such a manner that any part is open for use by the public for purposes of vehicular travel. We further determine that in a situation where a road is not publicly main-

---

**2.** As noted above, it is established in this case via stipulation of the parties that the roads within

Ponderosa Village have never been publicly maintained.

tained, it is ***not*** required that the road be either formally statutorily dedicated, as asserted by Petitioner, or dedicated in common law as allowed under established Wyoming case law for the road to be deemed a "highway." [3] Rather, in such an instance, the proper interpretation of the legislature's intent is that the road merely be dedicated for public use through the opening of any part of it for use by the public for purposes of vehicular travel.

[¶ 12] Here, the facts as stipulated by the parties, establish 1) the roadways within Ponderosa Village are not closed to the public, 2) members of the public can drive into and around Ponderosa Village, and 3) mail delivery and other services, including patrol by law enforcement, are provided to the tenants of Ponderosa Village via these roadways. Further, there are no signs or other indications that the roads in Ponderosa Village are private. Hence, the intention to allow the public to use those roads for vehicular travel within Ponderosa Village has been clearly established. In addition, the public has exercised its ability to use these roads by traveling on them in their vehicles.

[¶ 13] We recognize that the owner of Ponderosa Village, Mr. Lemmons, maintains in his affidavit:

1. The driveway within Ponderosa Village, connected to a roadway within Ponderosa Village ("Gordon Road"), wherein Petitioner was stopped is not a public thoroughfare;

2. This drive is solely for the use of tenants which he could close at any time;

3. The roadways within Ponderosa Park are not open to the public for purposes of vehicular travel and are for the purposes of moving mobile homes, tenant access, and for the use of legitimate invited guests, and persons who have business within Ponderosa Village;

4. He has contemplated putting up signs which give notice of the private nature of the roads within Ponderosa Park;

5. He regards anyone who is not a tenant and who drives on these roads without an invitation from a tenant as a trespasser; and

6. He has enlisted the assistance of law enforcement to remove trespassers.

These assertions, however, do not abrogate the fact that the roads within Ponderosa Village have been opened to the public for vehicular travel as contemplated by the statutory definition of "highway."

[¶ 14] Simply put, although Mr. Lemmons' statements are expressed in an apparent attempt to vitiate the established fact that the roads within Ponderosa Village have been used by the public for vehicular travel, these statements are ineffective. Mr. Lemmons' statements that the driveway in question is not a public thoroughfare is countered by his own admission that this driveway is connected to Gordon Road, which has been formally statutorily dedicated for public use since 1923. While Mr. Lemmons asserts his belief that he could close the driveway at any time, he has contemplated putting up signs giving notice of the private nature of the roads within Ponderosa Village, and he re-

---

**3.** We note that contrary to the position argued by Petitioner that dedication of a roadway mandates solely the statutorily defined formal action of officially platting and recording such roadway, this court has previously stated:

> [A] dedication is generally defined as the devotion of property to a public use by an unequivocal act of the owner, manifesting an intention that it shall be accepted and used presently or in the future. When lots are being subdivided or streets are being defined, land may be dedicated for public use either through the statutory procedures for dedication *or under common law.*

*River Properties Partnership v. Willoughby*, 944 P.2d 1145, 1148 (Wyo.1997) (citations omitted and emphasis added). In addition, this court has recognized that:

> *A common-law dedication requires an intention to dedicate expressed in some form, and an acceptance of the dedication by the proper public authorities, or by general public ·user.* It is distinguishable from a statutory dedication, which is in the nature of a grant, and from prescription which is based on a long period of use. *Generally a common-law dedication rests upon the doctrine of estoppel.* Statutory dedication generally vests the legal title to the grounds set apart for public purposes in the municipal corporation, while *the common-law method leaves the legal title in the original owner.*

*Town of Moorcroft v. Lang*, 779 P.2d 1180, 1183 (Wyo.1989) (citations omitted and emphasis added).

gards anyone who is not a tenant and who drives on these roads without an invitation from a tenant as a trespasser, this does not erase the well established fact that these roadways are open to the public for vehicular use.[4]

[¶ 15] Petitioner also argues that Wyoming case law demands that this court provide Petitioner lenity as a criminal defendant in rendering its interpretation of the statutes at issue. However, it is clear that this case law precedent is only applied if the subject statute is deemed to be ambiguous. As we find no ambiguity in the statutes at bar, the case law authority cited by Petitioner is inapplicable.

## CONCLUSION

[¶ 16] Given those reasons set forth above, we affirm the order entered by the district court affirming the judgment and sentence of the circuit court finding Petitioner guilty of driving with a suspended license and driving without proper registration.

---

4. Arguably, Mr. Lemmons or any previous owner of Ponderosa Village may have been able to take advantage of Wyo. Stat. Ann. § 18–5–306(a)(vii), dealing with submission of subdivision permits at the county level, in attempting to insure the private nature of the roadways contained within Ponderosa Village not already statutorily dedicated for public use. This statute provides, in applicable part:

If, however, the subdivider proposes to make any streets, alleys or roadways private, then the subdivider shall submit to the board properly acknowledged written certification that certain streets, alleys or roadways within the subdivision shall remain private and the board shall be under no obligation to repair, maintain or accept any dedication of such roads to the public use.

However, the record on appeal is devoid of any information as to whether Mr. Lemmons or any other owner would have had such an opportunity under the circumstances.