2007 WY 77

**Connie PLYMALE f/k/a Connie Donnelly, Appellant (Defendant),**

v.

**Gavin DONNELLY, Appellee (Plaintiff).**

**No. 06–219.**

Supreme Court of Wyoming.

May 11, 2007.

Representing Appellant: Patrick M. Hunter, Casper, Wyoming.

Representing Appellee: Devon O'Connell Coleman, Pence and MacMillan, LLC, Laramie, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1]   Connie Plymale (Mother) challenges an order granting Gavin Donnelly's (Father's) claim for abatement following the summer of 2005.  She contends that the district court erred by crediting Father for time in August when he did not meet the statutory consecutive day requirement and by abating Father's entire child support obligation for the time the children resided with him during the summer.  We reverse.

## ISSUES

[¶ 2]   Mother states the issue as:

1.   Did the [district court] improperly calculate the abatement allowable to [Father]?

Father presents three issues for review:

1.   Did [Mother] fail to file a timely objection to [the] claim for abatement and as such should this appeal be dismissed?

2.   Is the issue of proper abatement in this matter barred by collateral estoppel and as such should this appeal be dismissed?

3.   Was it clearly erroneous for the district court to permit abatement in child support in the amount of $2,310.00 due to [Father's] status as the summer custodial parent?

## FACTS

[¶ 3]   The parties were married in 1997 and two children were born as issue of the marriage.   They resided in Laramie, Wyoming.   Unhappy with the marriage, Mother moved to Casper with the children. Father filed for divorce in July of 2002, and a custody battle ensued.   A decree of divorce was entered in July of 2003.   Mother was awarded primary residential custody during the school year.   Father was awarded primary residential custody during the summer. Both parties enjoy liberal visitation while the children are residing with the other parent. Based on this custodial arrangement, Father's child support obligation was initially set at $788.00 per month.   The decree of divorce does not address the abatement of child support.

[¶ 4]   Following the summer of 2003, Father filed a claim for the abatement of his child support.   He requested abatement in the amount of $518.45 for June 12, 2003, through August 26, 2003.   Mother objected asserting that Father was only entitled to abate through August 8, 2003.   She claimed that Father was not entitled to the extra days in August, because the children were in

her care from August 8, 2003, through August 17, 2003, and that time period interrupted the number of consecutive days Father had physical custody of the children.   The district court agreed with Mother and granted abatement in the amount of $346.68 for the dates of June 12, 2003, through August 8, 2003.   This amount represented one-half (1/2) of Father's daily support obligation.

[¶ 5]   In June of 2004, Mother filed a petition to modify the child support order. Eventually, the parties stipulated that Father would pay $1,050.00 per month (the presumptive amount) effective June 1, 2004. The modification of the support order did not address the calculation of child support abatements.

[¶ 6]   Following the summer of 2004, Father filed another claim for abatement.   He requested that his support abate by $788.00 for the time period of June 11, 2004, through August 22, 2004.   Seemingly in response to a new judge presiding over the case, Father filed correspondence addressed to the district court requesting full relief from his child support obligation for the summer months.[1] Father reasoned that, due to Mother's relocation to Casper, he incurred substantial expense in order to exercise his visitation.   He also claimed that he should not be required to pay support during the summer months because he is the custodial parent during that time.

[¶ 7]   Mother did not respond to the arguments raised in Father's correspondence to the district court judge.   However, she objected to Father's claim for abatement contending that he was only entitled to a credit of one-half (1/2) the daily support obligation for the dates of June 11, 2004, through August 9, 2004.   She again asserted that Father was not entitled to the additional days in August because he did not meet the statutory consecutive day requirement.

[¶ 8]   On November 5, 2004, the district court entered its order granting the claim for abatement in the amount of $2,310.00 for June 11, 2004, through August 22, 2004.

---

1.   The district court judge who signed the original decree and the 2003 abatement order had retired.

Mother filed a motion to reconsider on November 9, 2004, claiming that such an amount was improper. The motion was denied on December 7, 2004. Mother appealed from the order denying the motion to reconsider. *Plymale v. Donnelly*, 2006 WY 3, 125 P.3d 1022 (Wyo.2006).

[¶ 9] While that appeal was pending, Father filed his claim for abatement following the summer of 2005. Pursuant to his claim, Father requested abatement of his support for the dates of June 11, 2005, through August 22, 2005 (72 days). He again filed correspondence requesting relief from his child support obligation on the basis that he is the custodial parent during the summer months.

[¶ 10] Due to the pending appeal, the parties agreed to allow abatement of $983.84, which represented one-half (1/2) of Father's daily support obligation for 57 days, and to reserve decision on the remainder of Father's claim until the appeal was resolved. The agreement was incorporated in the Stipulated Order Allowing Temporary Abatement and Reserving Final Abatement Order Until Decision on Appeal is Received, entered on October 20, 2005. The stipulated order recognized Mother's objection to Father's abatement claim, although Mother did not file her formal objection until October 28, 2005.

[¶ 11] On January 6, 2006, we dismissed the appeal of the 2004 abatement on jurisdictional grounds because Mother appealed from the order denying her motion for reconsideration and not the order granting abatement. *Plymale*, 125 P.3d 1022. After the dismissal, Father filed a motion requesting that his full claim for the abatement for the summer of 2005 be entered. The district court entered its order granting the abate-

ment in the amount of $2,310.00 for 72 days on August 24, 2006. This appeal followed.

## DISCUSSION

[¶ 12] Mother challenges the district court's order granting Father's claim for abatement for the summer of 2005. She contends the district court erred in calculating the percentage of abatement and the period of time for which the abatement was allowed. Specifically, Mother claims the district court improperly credited Father for time in August when he did not have the children for fifteen (15) consecutive days and improperly relieved Father of his child support obligation for the summer months by granting a one-hundred percent (100%) abatement for the time the children were in his care. Before we reach the merits of Mother's arguments, we must first address Father's contentions that this appeal should be dismissed.

### I. Failure to Timely Object

[¶ 13] As a threshold issue, Father contends that we must dismiss this appeal because Mother failed to file a timely objection to his claim. He directs our attention to Wyo. Stat. Ann. § 20–2–305(c), (d) (LexisNexis 2005), which provides that an objection must be filed within thirty days or the objection is barred.[2] Father asserts that since he filed his abatement claim on September 20, 2005, Mother was required to file her objection by October 20, 2005. She did not file her formal objection with the district court until October 28, 2005. As a result, Father argues that the objection is untimely and the appeal should be dismissed. We disagree.

[¶ 14] In making his contentions, Father ignores the stipulated order that was entered

---

2. Wyo. Stat. Ann. § 20–2–305(c), (d) provides:
   (c) The custodial parent shall have the right to object to any claim for abatement made by the noncustodial parent. The custodial parent's right to object shall be limited solely to issues related to the legitimacy or accuracy of the abatement claim. The custodial parent shall file any objection to the abatement claim with the clerk of court within thirty (30) days of the date the clerk mailed the notice of claim for abatement and shall pay to the clerk a fee of ten dollars ($10.00). The custodial parent may

approve the abatement claim prior to the expiration of the thirty (30) day time period for objections by filing notice of immediate approval with the clerk of the court, and no filing fee shall be assessed for filing of such notice of immediate approval. The clerk shall mail a copy of the objection or notice of immediate approval to the noncustodial parent at the address provided to the clerk by that parent.
(d) Claims, objections or responses not timely filed or not accompanied by the requisite fee are barred without further order of the court.

by the district court on October 20, 2005. The Stipulated Order Allowing Temporary Abatement and Reserving Final Abatement Order Until Decision on Appeal is Received provides:

THE ABOVE ENTITLED MATTER HAVING COME BEFORE THE COURT upon the parties' stipulation as evidenced by this Order Approved as to Form by Counsel for the parties, and the Court being fully advised as to the premises, IT IS HEREBY ORDERED:

1. [Mother] has not filed a separate objection to abatement but is deemed to have objected to the abatement filed by [Father] on September 20, 2005, for abatement in excess of $983.84, such objection is twofold, first objection is made to abatement in excess of 50%, and second objection is made to abatement beyond the 7th of August, 2005.

2. [Father] shall have an abatement of the sum of $983.84 which constitutes 57 days (June 11th through August 7th, 2005) at ½ abatement, with the decision on the balance of the abatement request being stayed until the Wyoming Supreme Court renders its decision on the pending appeal.

. . .

DATED this 20th day of October, 2005.

/s/ District Court Judge

Approved as to form:

/s/ Attorney for [Father]

/s/ Attorney for [Mother]

(Emphasis added.) The stipulated order acknowledged that Mother had not yet filed a separate objection, but indicated that she was "deemed to have objected." In light of the stipulated order finding that Mother objected to Father's claim, we reject Father's contention that the appeal must be dismissed.

## II. Collateral Estoppel

[¶ 15] Next, Father claims that the issues Mother raises in this appeal are precluded by the doctrine of collateral estoppel. He contends that the issues involving the proper calculation of abatement were previously litigated in the district court in 2004, and the matter was also considered by this Court. In support of his contentions, Father refers us to a portion of the facts contained in *Plymale*, ¶ 2, 125 P.3d at 1023 stating:

Father was given primary residential custody of the children during the summer. Father requested child support abatement from the district court for the time he had residential custody of the children during the summer of 2004. The district court granted an abatement. No appeal was taken from the order granting the abatement.

Father asserts that because no appeal was taken from the 2004 order granting abatement, any issues relating to future abatement claims are collaterally estopped.

[¶ 16] In determining whether an issue is barred by the doctrine of collateral estoppel, we consider four factors:

(1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Aragon v. Aragon*, 2005 WY 5, ¶ 11, 104 P.3d 756, 760 (Wyo.2005) (quoting *Markstein v. Countryside I, L.L.C.*, 2003 WY 122, ¶ 15, 77 P.3d 389, 394–395 (Wyo.2003)).

[¶ 17] Applying these factors, it is clear that the 2004 claim for abatement was fully litigated. However, Mother is not challenging the 2004 order granting abatement. Instead, she challenges Father's 2005 abatement claim. The question then, is whether Mother is estopped from challenging future abatement claims in light of the determination of Father's 2004 claim.

[¶ 18] Each time Father has physical custody of his children for more than 15 consecutive days, he is permitted, by statute, to file a claim for abatement. Wyo. Stat. Ann. § 20-2-305(a). Mother, in turn, is permitted

to object to the claimed abatement. Wyo. Stat. Ann. § 20–2–305(c). An order is then entered either granting or denying the abatement. Wyo. Stat. Ann. § 20–2–305(e). The amount of abatement can be contested each time a new claim is made. As a result, it is inappropriate to apply the doctrine of collateral estoppel simply because a prior abatement for a different time period was approved.

[¶ 19] In this case, Mother timely appealed from the order granting Father's 2005 claim for abatement. The contested matters have not been fully litigated because it is a new and different claim than that presented by Father following the summer of 2004. As a result, we find that Mother is not estopped from challenging the 2005 order.

### III. Calculation of Abatement

[¶ 20] Mother's challenge to the order granting Father's abatement is two-fold. First, she claims the district court erred by abating Father's child support for time in August when he did not have the children for fifteen (15) consecutive days as required by the abatement statute. Second, she contends the district court erred by abating Father's support by one-hundred percent (100%) for the summer months.

[¶ 21] We have not previously set forth a standard of review applicable to orders abating child support. The parties suggest that the abuse of discretion standard may be appropriate. *See, e.g., Bellamy v. Bellamy,* 949 P.2d 875, 876 (Wyo.1997) (involving the modification of child support and the failure to properly file claims for abatements). We can also envision appellate review of abatement orders centering upon disputed factual issues, in which case our "clearly erroneous" standard of review would apply. *Hammond v. Hammond,* 14 P.3d 199, 203 (Wyo.2000). However, such factual issues are not at issue here. This case rests primarily upon the proper interpretation of the child support abatement statute, Wyo. Stat. Ann. § 20–2–305. Statutory interpre-

tation presents a question of law, which we review *de novo. Bd. of County Comm'rs v. City of Cheyenne,* 2004 WY 16, ¶ 8, 85 P.3d 999, 1002 (Wyo.2004).

### A. Length of Abatement Period

[¶ 22] In his claim for abatement, Father requested that credit be given for the dates of June 11, 2005, through August 22, 2005. Mother objected to that time period, asserting that Father was only entitled to abate his support through August 7, 2005, because the children were in her care from August 8, 2005, through August 15, 2005. Due to this gap in Father's visitation period, she contends that Father cannot claim abatement through August 22, 2005.

[¶ 23] Wyo. Stat. Ann. § 20–2–305(a) sets forth the amount of time a non-custodial parent must have the children in his or her care before a proper claim for abatement may be made.[3] In that regard, the statute provides that child support shall abate by one-half (1/2) of the daily support obligation for each day the noncustodial parent has physical custody for fifteen (15) or more consecutive days. The statute further provides that "[f]or the purposes of computing abatement and determining whether the noncustodial parent has met the consecutive day requirement of this subsection, overnight and weekend visits with the custodial parent during the period for which abatement is claimed shall be disregarded." Wyo. Stat. Ann. § 20–2–305(a).

[¶ 24] In this case, it is not disputed that Mother had the children in her care from August 8, 2005, through August 15, 2005. This time period is longer than the overnight or weekend visits the statute permits to be disregarded. Accordingly, Father was required to have the children for another consecutive fifteen (15) days after they were returned to his care on August 15, 2005, in order to properly claim abatement for that time. He did not meet the requisite amount

---

**3.** The decree of divorce refers to Father as the custodial parent during the summer months. For the sake of simplicity, we will refer to Father as the non-custodial parent throughout the opin-

ion recognizing that a conflict exists between the language utilized in the abatement statute and the language contained in the divorce decree.

of time and, therefore, it was improper to abate his support after August 8, 2005.

[¶ 25] Father urges us to find that Mother's one week visitation is akin to a weekend visit and thus does not interrupt the period of calculating Father's abatement. However, we are bound by the plain language of the statute, which defines what may be considered a weekend visit. The statute provides: "For purposes of this section, 'weekend' means any two (2) consecutive days, except if a legal holiday precedes or follows the days constituting a weekend under this section the weekend shall consist of three (3) days." Wyo. Stat. Ann. § 20–2–305(h). The statute does not permit the district court to disregard longer periods of time. "The omission of words from a statute is considered to be an intentional act by the Legislature, and [we] will not supply words in the process of interpretation." *Fullmer v. Wyoming Employment Sec. Comm'n*, 858 P.2d 1122, 1124 (Wyo.1993). We conclude that the district court erred by allowing Father's claim for abatement beyond August 8, 2005.

### B. Percentage of Abatement

[¶ 26] Mother also claims that the district court improperly abated Father's child support obligation in excess of the amount authorized by statute. Wyo. Stat. Ann. § 20–2–305 governs child support abatements and provides in pertinent part:

(a) Unless otherwise ordered by the court, child support shall abate by one-half (1/2) of the daily support obligation for each day the noncustodial parent has physical custody of the child for whom support is due, provided that the noncustodial parent has custody of the child for fifteen (15) or more consecutive days. For the purposes of computing abatement and determining whether the noncustodial parent has met the consecutive day requirement of this subsection, overnight and weekend visits with the custodial parent during the period for which abatement is claimed shall be disregarded.

. . .

Mother reads this statute as restricting the amount of abatement to one-half (1/2) of the daily support obligation, unless the court has

"otherwise ordered" a different percentage in the support order. Because the parties' support order is silent regarding abatements, she contends that the one-half (1/2) figure found in Wyo. Stat. Ann. § 20–2–305 applies, and it was error for the district court to abate Father's full support obligation for the summer months.

[¶ 27] Father views Wyo. Stat. Ann. § 20–2–305 much differently. He interprets the "unless otherwise ordered by the court" language of subparagraph (a) as conferring broad discretion upon the district court to abate support in any amount it desires. Father argues that the order approving his claim for abatement is the order referenced in Wyo. Stat. Ann. § 20–2–305.

[¶ 28] Although we commented in *Bellamy*, 949 P.2d at 877, that "[t]he legislature has described the mechanics of abatement with clarity," we have not previously construed the meaning of "unless otherwise ordered by the court" in the operation of Wyo. Stat. Ann. § 20–2–305(a). To aid us in that determination,

[w]e turn to our well-established rules of statutory interpretation. The paramount consideration is to determine the [L]egislature's intent, which must be ascertained initially and primarily from the words used in the statute. We look first to the plain and ordinary meaning of the words to determine if the statute is ambiguous. A statute is clear and unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability. Conversely, a statute is ambiguous if it is found to be vague or uncertain and subject to varying interpretations.

*RME Petroleum Co. v. Wyo. Dep't of Revenue*, 2007 WY 16, ¶ 25, 150 P.3d 673, 683 (Wyo.2007) (internal citations omitted).

[¶ 29] The statutory language "unless otherwise ordered by the court" contemplates some order of the court altering the right of abatement described within the statute. However, there is no temporal limitation or identification of the type of order which may suffice. Conceivably, a court order altering the statutory abatement right

could be the original support order, a modification of that support order, or any order resolving an abatement claim. In this case, both the original support order and the modification of that order are silent concerning the calculation of abatements. Therefore, the only order that may have ordered otherwise is the district court's order granting Father's abatement. The issue, then, is whether this order satisfies the "unless otherwise ordered by the court" language contained in Wyo. Stat. Ann. § 20–2–305.

[¶ 30] Our resolution of this issue requires interpretation of the abatement statute. We construe statutes *"in pari materia;* and in ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony." *McClean v. State,* 2003 WY 17, ¶ 6, 62 P.3d 595, 597 (Wyo.2003). "Child support payments are court-imposed obligations based on the parent's ability to pay and [are] designed to meet the needs of the children...." *Broyles v. Broyles,* 711 P.2d 1119, 1126 (Wyo.1985). Because the abatement of those support payments impacts the amount of support available to meet the children's needs, we must read Wyo. Stat. Ann. § 20–2–305 in harmony with the child support guidelines.

[¶ 31] The Legislature has chosen the "income shares" model to determine the presumptive amount of child support due. Wyo. Stat. Ann. § 20–2–304(a) (LexisNexis 2005); Laura W. Morgan, *Child Support Guidelines: Interpretation and Application,* app. B, at 291 (Supp.2006). When calculated in accordance with the guidelines, this amount is presumed to be the correct amount of child support to be awarded in any proceeding to establish or modify temporary or permanent child support amounts. Wyo. Stat. Ann. § 20–2–307(a) (LexisNexis 2005). In determining the presumptive amount of support, the guidelines contemplate differing custodial arrangements. Wyo. Stat. Ann. § 20–2–304(a) is used to calculate support when one parent has physical custody of the children for the majority of the time and the other parent exercises visitation. Support is calculated using subsection (c) of the statute where each

parent keeps the children overnight for more than forty percent (40%) of the year and contributes substantially to the expenses of the children in addition to the payment of child support. Finally, subsection (d) provides a child support calculation for situations where the parents enjoy split custody of the children. Regardless of the custodial situation, one parent generally has a presumptive child support obligation pursuant to the guidelines.

[¶ 32] Based on the type of custodial arrangement, certain assumptions regarding the care of the children are factored into the child support guidelines. *Cranston v. Cranston,* 879 P.2d 345, 349 (Wyo.1994). One such assumption is that "the children are living primarily with one parent but staying overnight with the other parent in an ordinary visitation arrangement, such as every other weekend, a portion of the summer and during some holidays." *Id.* This assumption most accurately reflects the situation of the parties involved in this case.

[¶ 33] Although a certain amount of visitation is contemplated by the child support guidelines, our statutory scheme permits the abatement of support when the non-custodial parent has physical custody of the children for fifteen (15) consecutive days or more. Wyo. Stat. Ann. § 20–2–305. If the requisite timeframe is met, the statute provides that child support shall abate by "one-half (1/2) of the daily support obligation" for each day the children are in the non-custodial parent's care. *Id.* This statement, however, is preceded by the phrase "unless otherwise ordered by the court." *Id.*

[¶ 34] Father interprets this phrase to mean that each time a claim for abatement is submitted, the district court has discretion to order the abatement of support in any amount it finds appropriate, including the full amount of support due. He asserts that the district court can exercise this discretion when it enters its order on the abatement claim. Father contends that due to the substantial expense he incurs to have the children in his care for the summer, abating his support by one hundred percent (100%) during that time is appropriate.

[¶ 35] Mother disagrees with Father's rationale. She argues that abatements of one hundred percent (100%) undermine the purposes served by the presumptive child support guidelines and the strict requirements that must be met when deviating from those guidelines. Mother contends that unless it is otherwise ordered in the child support order, abatements must be in the amount of one-half (1/2) of the daily support obligation.

[¶ 36] We agree with Mother. When the abatement statute is read *in pari materia* with the child support guidelines, it becomes clear that the discretion of the district court regarding the proper amount of abatement comes into play during the proceedings involving the establishment or modification of support. The discretion to change the percentage of abatement is not conferred upon a district court when simply determining the merits of a claim for abatement.

[¶ 37] In establishing support pursuant to the guidelines, the district court has discretion to deviate from the presumptive amount on a case by case basis. The statute provides a list of factors the court can appropriately consider for purposes of deviating from the presumptive child support amount. Some of the factors listed are:

(i) The age of the child;

(ii) The cost of necessary child day care;

(iii) Any special health care and educational needs of the child;

. . .

(vii) The cost of transportation of the child to and from visitation;

. . .

(ix) The amount of time the child spends with each parent;

(x) Any other necessary expenses for the benefit of the child;

. . .

(xiii) Other factors deemed relevant by the court.

Wyo. Stat. Ann. § 20–2–307(b). The parties may submit evidence in support of their position on whether a deviation is appropriate. However, deviation from the presumptive amount can only occur if the requirements of Wyo. Stat. Ann. § 20–2–307(b) are followed.

If a court finds that a deviation is proper, it must set forth detailed findings of fact and conclusions of law. Wyo. Stat. Ann. § 20–2–307(b).

[¶ 38] In contrast, the abatement process, as outlined by the Legislature, is intended to be streamlined to make it easy for parents to seek the abatement of support following times of extended visitation. A parent wishing to claim abatement simply provides the dates the children were in his or her care and sets forth the amount of the monthly support obligation. The claim is then submitted to the clerk of the district court along with the requisite filing fee. In this case, Father submitted his claim on a pre-printed form provided by the clerk of court. After the non-custodial parent files a claim, "[t]he custodial parent's right to object [is] limited solely to [the] issues related to the legitimacy or [the] accuracy of the abatement claim." Wyo. Stat. Ann. § 20–2–305(c). The statute does not require the district court to make specific findings of fact or conclusions of law.

[¶ 39] If we were to accept Father's interpretation of Wyo. Stat. Ann. § 20–2–305, we would be rendering the phrase "shall abate by one-half (1/2) of the daily support obligation" essentially meaningless. The purpose of abating child support payments is to reallocate those costs that decrease for the custodial parent and increase for the non-custodial parent during times of extended visitation. For example, a study conducted in South Dakota found that 38% of visitation costs are "variable costs" (food and other costs directly associated with the presence of the child within the household); 28% are "duplicated fixed" costs (housing and other expenditures incurred by both parents regardless of the child's presence in the household); and 34% are "nonduplicated" costs (clothing and other expenditures incurred by one parent regardless of the child's presence). Linda Lea M. Viken, *Child Support in South Dakota From Obligor Only To Shared Responsibility, an Overview,* 48 S.D. L.Rev. 443, 448 (2003). Applying similar research, one commentator has explained that

the custodial parent's fixed costs-rent or mortgage payments, utilities, car maintenance, and medical insurance-have not de-

creased as a result of the visitation. Even some of the variable costs—clothing, for example-may not be affected by the extended visitation, because the child probably will bring clothes and other necessities along.

The only expenses sure to decrease for the custodial parent during that ... time are food and entertainment. Food costs are estimated to be only 18.8 to 22.5 percent of the total annual expenditures on a child, while entertainment accounts for 9.6 percent. Therefore, the custodial parent likely decreases expenditures by only 30 percent during ... visitation....

Karen A. Getman, *Changing Formulas for Changing Families: Shared Custody Must Not Shortchange Children*, 10 Spg Fam. Advoc. 47, 49 (1988). While the specific statistics may vary, it cannot be denied that a custodial parent's expenditures on behalf of the children do not decrease by one hundred percent (100%) while the children are on extended visitation.[4]

[¶ 40] We find that the Legislature's selection of the one-half (1/2) figure was not merely a suggestion. Rather, by selecting the one-half (1/2) amount for abatement, the Legislature signaled its intent to strike a balance between the decreased costs to the custodial parent and the increased costs to the non-custodial parent while extended visitation is occurring. The statute must be read to give effect to this legislative intent.

[¶ 41] Based on the foregoing, we find that the proper interpretation of Wyo. Stat. Ann. § 20–2–305(a) is that child support shall abate by one-half (1/2) of the daily support obligation unless otherwise ordered by the court in the original support order or a modification of that order. Under this approach, a district court retains discretion to abate support in an amount greater or lesser than one-half (1/2) of the daily support obligation depending on what is deemed appropriate within proceedings establishing or modifying a support order. If, however, a support order fails to address abatements, the default statutory provision applies and the abatement amount is one-half (1/2) of the daily support obligation. This interpretation appears to be the most logical, consistent, and harmonious reading of the statute.

[¶ 42] Father also argues that effect must be given to the decretal language which declares him to be the custodial parent in the summer months. He claims that the only way to give effect to this language is to permit abatement of his full support obligation or have Mother pay child support to him during that time. We find Father's argument unpersuasive. Mother relocated to Casper prior to entry of the divorce decree. The district court was aware of Mother's relocation when it determined the custodial arrangements for the children. Based on the custodial arrangements, the court determined that Father owed support to Mother. The district court did not deviate from the presumptive support amount even though it

4. Recognizing that not all costs for the custodial parent disappear during visitation, other courts considering the issue have concluded that abatement of the full amount of child support during times of extended visitation is improper. For example, in *Abbott v. Abbott*, 25 P.3d 291, 294 (Okla.2001), the Oklahoma Supreme Court reversed a district court's order allowing the abatement of 100% of the support order reasoning that "[m]ost expenses borne by the custodial parent for the maintenance of the child remain fixed and constant for that parent even though the child is visiting with the other parent." Utilizing a similar approach, the court in *Flanagan v. Flanagan*, 656 So.2d 1228, 1231 (Ala.Civ.App. 1995), explained:

The custodial parent's obligation to provide for the child cannot conveniently be segmented on a month to month basis. The parent must provide shelter, clothing, toys, furniture and many other items that last beyond a month,

and the cost of which must be amortized over a longer period of time than reflected in a monthly child support obligation. In the instance where the visitations are of a short duration and dispersed over a period of time it would impose a penalty on the child to suspend the support payments during visitation.... We conclude that [the] husband's child support payment should not be suspended during the children's summer visitation with him.

(quoting *In re Marriage of Burns*, 107 Or.App. 167, 811 P.2d 654, 657 (1991) (quotation marks omitted)). *See also Bondi v. Bondi*, 255 Neb. 319, 586 N.W.2d 145, 147 (1998) (explaining that "[t]he fixed obligation of the custodial parent to provide the necessities of life for his children is a continuing one and does not cease during the temporary absences of the children while on visitation").

was clear Father would incur expenses for travel and other costs associated with the visitation schedule. If the district court intended to relieve Father of his support obligation for the summer months, it could have provided that relief in the original decree or in the subsequent modification of the support order. It did not.

## CONCLUSION

[¶ 43] The district court erred by abating Father's child support obligation in contravention of the allowable time period contained in Wyo. Stat. Ann. § 20–2–305(a). The district court also erred by granting an abatement greater than one-half (1/2) of the daily support obligation due. We reverse the district court's order granting the abatement for the year 2005 and remand for entry of an order consistent with this opinion.