# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 83

APRIL TERM, A.D. 2013

July 10, 2013

BRANDON LEE JENSEN,

Appellant
(Plaintiff),

v.

No. S-12-0279

MARGARET E. MILATZO-JENSEN,

Appellee
(Defendant).

*Appeal from the District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Appellant:*

   *Brandon L. Jensen, pro se, of Budd-Falen Law Offices, LLC, Cheyenne, Wyoming.*

*Representing Appellee:*

   *No appearance.*

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BURKE, Justice.**

[¶1]    Appellant, Brandon Lee Jensen (Father), challenges an order from the district court holding him in contempt for failing to comply with an order awarding attorney's fees to Appellee, Margaret E. Milatzo-Jensen (Mother).  We recently reversed the district court's order awarding attorney's fees to Mother in *Jensen v. Milatzo-Jensen*, 2013 WY 27, 297 P.3d 768 (Wyo. 2013) (*Jensen I*).   As a consequence of our reversal of the underlying fee order, we conclude that the contempt order must also be set aside, and we reverse.

## *ISSUE*

[¶2]   The sole issue presented for our review is whether the district court's contempt order must be set aside following reversal of the underlying order awarding attorney's fees.

## *FACTS*

[¶3]    We recently decided several issues connected with this litigation in *Jensen I*.  As discussed in that opinion, Father challenged the district court's award of attorney's fees to Mother, which were incurred as a result of Father's motions to compel answers to interrogatories. *Id.*, ¶ 34, 297 P.3d at 779.  The district court ordered Father to reimburse Mother $2,796.50 within 90 days of entry of the order.  On appeal, this Court agreed with Father that Mother had failed to establish the reasonableness of the attorney's fees, and concluded that the district court abused its discretion in awarding those fees.  *Id.*, ¶ 38, 297 P.3d at 780.

[¶4]    During the pendency of that appeal, however, Father failed to pay Mother's attorney's fees in accordance with the district court's order.  As a result, on July 10, 2012, Mother filed a motion for an order to show cause as to why Father should not be held in contempt of court for failing to pay the attorney's fees.   After a hearing on Mother's motion, the district court held that Father was in contempt for failing to pay the attorney's fees to Mother within 90 days of the court's order.  A written order holding Father in contempt of court was entered on September 26.  As a sanction for contempt, the court ordered Father to pay Mother an additional $600.00 in attorney's fees.   Father filed a timely appeal.

## *STANDARD OF REVIEW*

[¶5]    Whether the district court's contempt order must be set aside following reversal of the underlying attorney fee order is a question of law.  We review questions of law *de novo.  Plymale v. Donnelly*, 2007 WY 77, ¶ 21, 157 P.3d 933, 938 (Wyo. 2007).

1

## DISCUSSION

[¶6]   Father's brief, submitted prior to the issuance of our decision in *Jensen I*, challenges the district court's contempt order on the grounds that he had an "equitable right of setoff" for amounts he claims were owed to him by Mother for child support. Mother did not submit a brief or otherwise appear in this Court.  Although the parties have not requested  an opportunity to provide supplemental briefing or  argument following our decision in *Jensen I*, we will proceed to determine, *sua sponte*, whether the district court's contempt order must be set aside as a result of our reversal of the district court's award of attorney's fees.

[¶7]   The law in Wyoming is well-settled that "Whether the adjudication of contempt 'survives the avoidance of [the] underlying order depends on the nature of the contempt decree.  If the contempt is criminal it stands; if it is civil it falls.'"  *See, e.g., In Interest of C.N.*, 816 P.2d 1282, 1285 (Wyo. 1991) (quoting *Ager v. Jane C. Stormont Hospital and Training School for Nurses*, 622 F.2d 496, 499 (10th Cir. 1980)).  As explained in *In Interest of C.N.*,

> The purpose of a civil contempt is to compel a party to comply with a ***lawful*** order. *Horn v. District Court, Ninth Judicial District*, 647 P.2d 1368 (Wyo. 1982). The purpose of a criminal contempt is to punish. *Id.*; *Tracy, Green & Company v. Warner*, 704 P.2d 1306 (Wyo. 1985).

*Id.*, 816 P.2d at 1285 (emphasis in original).  In *Ager*, the Tenth Circuit elaborated more fully on the difference between civil and criminal contempt:

> The primary purpose of a criminal contempt is to punish defiance of a court's judicial authority. Accordingly, the normal beneficiaries of such an order are the courts and the public interest. *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822 (5th Cir. 1976). On the other hand, civil contempt is characterized by the court's desire "to compel obedience of the court order or to compensate the litigant for injuries sustained from the disobedience." *Id.* at p. 827. The remedial aspects outweigh the punitive considerations. Thus, the primary beneficiaries of such an order are the individual litigants.  The judicial system benefits to a lesser extent. *United States v. Wendy*, 575 F.2d 1025 (2d Cir. 1978).

622 F.2d at 499-500.   Additionally, criminal contempt proceedings are independent criminal actions and must be conducted in accordance with W.R.Cr.P. 42.  *Swain v. State*, 2009 WY 142, ¶¶ 15-16, 220 P.3d 504, 508-09 (Wyo. 2009) (citing *Garber v. United*

*Mine Workers of America,* 524 P.2d 578, 579 (Wyo. 1974)).[1]

_____

[1] W.R.Cr.P. 42 provides, in relevant part, as follows:

(b) *Direct contempt proceedings.* – A criminal contempt may be punished summarily if the judge saw or heard the conduct constituting the contempt and the conduct occurred in the immediate view and presence of the court. It may be dealt with immediately or, if done without unnecessary delay and to prevent further disruption or delay of ongoing proceedings, may be postponed to a more convenient time. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication is based. Prior to the adjudication of guilt the judge shall inform the accused of the accusation and afford the accused an opportunity to show why the accused should not be adjudged guilty of contempt and sentenced therefor. The accused shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court and reduced to writing, signed by the judge and entered of record. Rule 32 shall not apply to judgment and sentencing for direct contempt.

(c) *Indirect (constructive) contempt proceedings.* – A criminal contempt, except as provided in subdivision (b) concerning direct contempt, shall be prosecuted in the following manner:

(1) Order to Show Cause. – On the court's motion or upon affidavit of any person having knowledge of the facts, a judge may issue and sign an order directed to the accused, stating the essential facts constituting the criminal contempt charged and requiring the accused to appear before the court and show cause why the accused ought not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for preparation of a defense.

(2) Motions; Answer. – The accused, personally or by counsel, may move to dismiss the order to show cause, move for a statement of particulars or answer such order by way of explanation or defense. All motions and the answer shall be in writing unless specified otherwise by the judge. An accused's omission to file motions or answer shall not be deemed as an admission of guilt of the contempt charged.

(3) Order of Arrest; Bail. – If there is good reason to believe the accused will not appear in response to the order to show cause the judge may issue an order of arrest of the accused. The accused shall be admitted to bail in the manner provided by these rules.

[¶8]   In the present case, it is clear from the record that the district court held Father in civil contempt.   In imposing an additional $600.00 in attorney's fees, which were incurred as a result of Mother's attempts to collect the original attorney fee award, the district court stated that "I'm going to direct the original sanction.  There's no other need for a sanction.  The only sanction for violating the court order accepting Mr. Jensen's representations of the facts will be that the judgment be entered for those previous attorney's fees and an additional $600."  The additional $600.00 in attorney's fees were intended to compensate Mother for costs incurred as a result of Father's failure to comply with the order awarding attorney's fees to Mother.  Further, the district court did not give any indication that the $600.00 sanction was intended as a fine, and the court did not make any reference to, or attempt to comply with, W.R.Cr.P. 42.  Because the district

---

(4) Arraignment; Hearing. – The accused shall be arraigned at the time of the hearing, or prior thereto upon the request of the accused. A hearing to determine the guilt or innocence of the accused may follow a plea of not guilty or may be set for trial at a later date or time. The judge may conduct a hearing without assistance of counsel or may be assisted by the attorney for the state or by an attorney appointed by the court for that purpose. The accused is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and may testify in his own defense. Unless the charged contempt is tried to a jury as provided in subdivision (e), all issues of law and fact shall be heard and determined by the judge.

(5) Disqualification of Judge. – If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the hearing and shall assign the matter to another judge.

(6) Verdict; Judgment. – At the conclusion of the hearing the judge shall sign and enter of record a judgment of guilty or not guilty. In addition to the requirements of Rule 32, a judgment of guilt for contempt of court shall include a recital of the facts constituting the contempt.

(7) Sentence. – Unless an accused may be sentenced to the penitentiary, a presentence investigation is not required but may be ordered. In other respects, Rule 32 shall apply to sentencing for contempt.

(d) *Punishment.* – Punishment for contempt may not exceed the criminal jurisdiction of the court. A sanction for contempt of court may be imposed by a justice of the supreme court, a judge or commissioner of a district court, a circuit court judge or magistrate or a municipal judge.

4

court's order held Father in civil contempt of court, that order must be set aside following our reversal of the underlying fee order in *Jensen I*.

[¶9]    Reversed.